New v. The German Insurance Company of Freeport, Illinois.

Judgment reversed.

Filed May 25, 1892.

---

No. 496.

## NEW v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS.

INSURANCE.—*Sale of Premises.—Transfer of Policy by Insured.—Failure to Obtain Consent of Company.—Loss by Fire.—Action on Policy by Assignee.—* It was provided in a policy of insurance that if the property should be sold or conveyed, or the policy assigned without the written consent of the company endorsed thereon, the policy should be void. The insured sold the property and assigned the policy of insurance to the purchaser. The assignee sent the policy to an agent of the company to procure the company's consent to such assignment, but the agent returned it with a statement that he had no authority to give the necessary consent. He suggested that the policy be sent to the general agents of the company, who would consent to the transfer in writing. The policy was forwarded to the general agents, who retained it a considerable time and then returned it to the assignee without any explanation. He made no examination of the policy when it came back from the general agents, but supposed that they had endorsed the necessary written consent thereon, which, however, they had not done. The premises were destroyed by fire, and suit was instituted by the assignee to recover on the policy.

*Held*, that there never was any contract of insurance between the assignee

New v. The German Insurance Company of Freeport, Illinois.

and the company; that the contract of insurance being one of indemnity and personal to the insured, any assignment by 'him, with a transfer of the title to the property, transferred no right in the insurance to the assignee, without the consent of the insurer, and that the assignee had no right to rely upon the suggestion of the first agent to whom he sent the policy that the general agents would endorse the company's consent to the transfer.

*Held*, also, that the silence of the general agents could not create a new contract of indemnity between the company and the assignee.

From the Marion Circuit Court.

*S. E. Urmston*, for appellant.
*F. Winter* and *J. B. Elam*, for appellee.

CRUMPACKER, J.—This action was brought by New against the insurance company upon a policy of fire insurance issued by the defendant to one Pierson, covering certain buildings in the State of Missouri. The policy contained the following provision respecting the assignment thereof and the change of title to the property insured : " If the property, or any part thereof, shall be sold, conveyed, encumbered by mortgage or otherwise, or any change takes place in the title, use, occupation or possession thereof whatever ; or if foreclosure proceedings shall be commenced ; or if the interest of the insured in said property, or any part thereof, now is, or shall become any other than a' perfect legal and equitable title and ownership, free from all liens whatever except as stated in writing hereon, * * * or if the policy shall be assigned without written consent thereon, then and in every such case this policy shall be absolutely void."

It is alleged in the complaint that plaintiff became the owner of the property after the execution of the policy by purchase, and the title was transferred to him by said Pierson by deed ; that said Pierson transferred the policy to plaintiff by an assignment in due form endorsed thereon, and plaintiff then sent it to an agent of the defendant at Hopkins, Missouri, to procure the defendant's consent to

such assignment, but such agent returned the policy with notice that he had no authority to give the necessary consent, and suggested that plaintiff send it to the defendant's general agents, "then residents of Maryville, Missouri, who would, without any trouble, consent to said transfer in writing; that thereupon the plaintiff caused said policy to be forwarded to the said agents who issued the said policy, or caused the same to be issued, and who received the same by due course of mail; that they retained it some considerable time and then returned it to the plaintiff by mail without any word of explanation, without any disapproval thereof, without any expression or word in regard to the same, and without returning or offering to return to him or the said Pierson any part of the unearned premium received on" said policy; that plaintiff, on receiving said policy from said agents, supposed, and in good faith believed, that the necessary written consent had been endorsed thereon, and so believing omitted to examine the same but laid it away in his safe until after the loss occurred, something over a year thereafter; that he was led to believe that consent had been endorsed upon the policy by the representations of the defendant's agent at Hopkins, Mo., that the general agents would undoubtedly do so.

It was also alleged that proof of loss had been made, and all conditions complied with on the part of plaintiff.

A demurrer was sustained to the complaint, and the plaintiff declined to amend, whereupon judgment was rendered against him.

The question for decision arises upon the ruling of the court upon the demurrer. Appellant's counsel insists that the assignment of the policy without the company's consent did not *ipso facto* operate a forfeiture, but having received notice of the assignment, some act or declaration upon the part of the company was necessary to produce that result, and having remained silent the breach of condition was waived. It is argued that the word "void" should be con-

strued as " voidable." In many instances after an insurance company has notice of the breach of a condition, which, according to the terms of the policy, would result in a forfeiture, it must in some affirmative manner, manifest its avoidance of the policy or the condition will be taken as waived. *Masonic, etc., Ass'n* v. *Beck,* 77 Ind. 203; *Havens* v. *Home Ins. Co.,* 111 Ind. 90; *Home Ins. Co.* v. *Marple,* 1 Ind. App. 411.

A *void* contract is incapable of being inspired with legal vitality except by some act equivalent in effect to a new execution, hence it follows that the breach of any condition that can be waived renders the contract *voidable* only. But a different principle applies to the question involved in this appeal. Insurance policies are contracts of indemnity and are essentially personal in their nature. They relate to the insured rather than the subject-matter of insurance and at common law were non-assignable. There is no statutory provision changing the common law rule, but after a loss has occurred the policy becomes a chose in action and is assignable as other choses in action are. Courts know as a matter of general knowledge that the character of the insured is taken into account as affecting the moral hazard of a risk, and this is an additional reason why a change of indemnitee should not occur without consent of the indemnitor. An insured must have an interest in the subject of insurance or the policy will be held a wager contract, and void as against public policy. Having obtained valid insurance if the interest of the policy-holder ceases in the property covered, the policy at once becomes inoperative. There is then no possibility of a loss, consequently no basis for indemnity. The contract being one of indemnity and personal to the insured, it follows that any assignment by him with a transfer of the title to the property transfers no right in the insurance to the assignee, without the consent of the insurer. Such consent is equivalent to the creation of a new contract between the assignee and the insurer, according to the terms of the policy

assigned. It is not strictly an assignment but the making of a new contract. *Continental Ins. Co.* v. *Munns*, 120 Ind. 30.

This being the case there never was any contract between the appellant and appellee, and consequently no conditions that could be waived. After the transfer of title Pierson had no insurance because he had nothing to insure, hence no right passed by the assignment of the policy. Appellant had no right to rely upon the suggestion of the first agent to whom he sent the policy, that the general agents would endorse the company's consent to the transfer. Conditions may be waived by silence under some circumstances, but it is rare that entirely new indemnity contracts may be created in that manner.

Judgment affirmed.

Filed May 27, 1892.