No. 1.490.

## MANCHESTER FIRE ASSURANCE CO. *v.* GLENN.

INSURANCE.—*Waiver.—Right to Assign Part of Policy.*—In an action against an insurance company, where it is averred that the agent of the company, with full knowledge of all the facts, prepared the policy and the assignment, such fact constitutes a waiver of the right, if any, to insist that a portion of the policy could not be assigned.

SAME.—*Assignment of Part of Policy.—Defense.—Recovery.*—Where an individual interest is insured in the same policy with a partnership interest, the fact that the assignment of the insurance on the individual interest included more than, or all of, the interest of such party in both the building and the goods, does not put the insurer in position to complain if the insured, or assignee, seek to recover for the loss of the goods alone.

SAME.—*Assignment of Policy.—New Contract.*—The assignment of a policy of insurance is the creation of a new contract between the company and the assignee, the terms of the old policy being the basis of the new contract.

SAME.—*Waiver.—Conditions Against Assignment.*—Conditions in a policy against its assignment are for the benefit of the insurance company, and may be waived by it.

SAME.—*Plea in Bar Demurred Out, General Denial.*—In an action on an insurance policy, wherein the insured alleges a fulfillment of all

the conditions of the policy on his part, it is not error to sustain a demurrer to a plea in bar where the general denial is pleaded, for such defense can be made under the general denial.

From the Washington Circuit Court.

*S. N. Chambers, S. O. Pickens,* and *C. W. Moores,* for appellant.

*R. J. Tracewell* and *Elliott & Hostetter,* for appellees.

LOTZ, J.—This action was brought by the appellee against the appellant on a policy of fire insurance. The first and second assignments of error call in question the sufficiency of each paragraph of amended complaint. It appears from the averments of the first paragraph that Koerner & Zimmer, a co-partnership, were the owners of a building situate on a lot in the town of Bird's Eye ; that Frank Zimmer, one of the partners, was the sole owner of a stock of merchandise and the office furniture and fixtures contained in said building ; that the appellant executed a policy of insurance in which it was stipulated that in consideration of the sum of $35.00 it insured Koerner & Zimmer and Frank Zimmer against loss by fire for the period of one year in the sum of $1,000.00, divided as follows : $300.00 on the building ; $33.33 on office furniture and fixtures, and $666.67 on stock of merchandise. It further appears from the allegations that while the policy was in full force, Frank Zimmer, being the sole owner of the goods and of the office furniture and fixtures, sold and transferred the same to the appellee, James E. Glenn ; that subsequently to the sale Frank Zimmer, by his written indorsement on said policy, assigned to the appellee all his interest in the policy, so far as it covered and embraced his interest in the stock of merchandise and the

furniture and fixtures ; that at the time of issuing the policy and making the assignment, the company, through its agent, had full knowledge that Koerner & Zimmer were the owners of the building and that Frank Zimmer was the sole owner of the stock of goods, and of the furniture and fixtures ; that the company consented to the assignment of said policy by Frank Zimmer to the appellee, and that the written assignment was prepared by its agent ; that it was the intention of all the parties concerned that the assignment of the policy should only include the interest of Frank Zimmer in the stock of goods and the furniture and fixtures ; but that by mutual mistake the assignment was made to include all the interest Frank Zimmer had in the policy ; that while the policy was in full force, the stock of merchandise and the furniture and fixtures were damaged by fire ; that at the time of the injury thereto the appellee was the owner of the merchandise and the furniture and fixtures ; and that he had fully complied with all the conditions and terms of said policy on his part. William Koerner and Frank Zimmer, composing the firm of Koerner & Zimmer, were made parties defendant to answer to any interest they might have in the policy. A copy of the policy, with the written assignment thereon, was made an exhibit to the complaint.

The second paragraph is the same as the first, except it shows that the appellant waived the conditions in the policy requiring the insured to make proof of loss.

It is urged as an objection to each paragraph that the policy declared on is an entirety, and that the attempted assignment of a portion of it by Frank Zimmer was void, and conferred no rights upon the appellee. It is true that the consideration named in the policy is a single definite amount of money, although the amount of the risk is apportioned in various sums to several dis-

tinct classes of property. It also appears that the several classes of property were exposed to the same conflagration and risk. Ordinarily the concurrence of these conditions makes the contract of insurance an entirety. If the property covered by the policy consist of several distinct items and is so situated that the risk on one item cannot be affected without affecting the risk on the other items, or where the various items are necessarily subject to destruction by the same conflagration, and the consideration is entire, the contract is indivisible, and the loss cannot be apportioned ; but the rule is otherwise if the property be so situated that the risk on each item is separate and distinct from the others, so that what affects the risk on one does not affect the risk on the others. *Havens* v. *Home Ins. Co.*, 111 Ind. 90 ; *Phenix Ins. Co.* v. *Pickel*, 119 Ind. 155. A contract of insurance is personal as to the assured. The character of the assured is one of the most important elements in the contract, and one person cannot be substituted for another as the assured without the consent of the insurer. *Moffitt* v. *Phenix Ins. Co.*, 11 Ind. App. 233. It is contended here that as the policy was an entirety and the risk indivisible, no portion of it could be assigned, and that the substitution of a new party as the assured as to particular items of the property rendered the attempted assignment of no effect. The assignment of a policy with the consent of the insurer ordinarily creates a new contract. Whether or not the assignment of a portion of an entire contract is valid or creates a new contract we need not decide, for it is well settled that if a policy be issued with full knowledge by the company of all existing facts, which, according to the conditions of the policy, make it voidable, the conditions are waived. *Home Ins. Co. etc.*, v. *Duke*, 84 Ind. 253 ; *Indiana Ins. Co.* v. *Capehart*, 108 Ind. 270.

It is here averred that the agent of the company, with full knowledge of all the facts, prepared the policy and the assignment. This constitutes a waiver of the conditions of the policy, as well as a waiver of the right to insist that a portion of the policy could not be assigned. If the assignment actually included more or all of the interest of Frank Zimmer in both the building and the goods, the appellant is in no position to complain if the appellee seeks to recover for the loss of the goods alone. It is also apparent from the wording of the policy that it was the intention to insure Frank Zimmer, as to some interest distinct from that of Koerner & Zimmer. There was no error in overruling the demurrers to each paragraph of the complaint.

The next assignment of error relates to the ruling of the court in sustaining appellee's demurrer to appellant's plea in abatement. This plea was addressed to the whole complaint. It avers in substance that by the terms and provisions of the policy, it was incumbent on the assured, before he was entitled to commence his action on the policy, to furnish to the company proof of his loss, and that this he did not do before instituting the action. The appellee in his first paragraph of complaint alleged a fulfillment of all the conditions of the policy on his part; and in his second paragraph he alleged a waiver on the part of the company of the proof of the loss. Furnishing the proof of loss as stipulated in the policy, or a waiver thereof, was a condition precedent to the appellee's right of recovery. As the appellee could not recover unless he proved that prior to instituting the action he made proof of the loss as required by the policy, or that the appellant waived such proof, the matter pleaded in the answer was properly matter in bar, and not in abatement. The appellant was entitled to show under the general denial, that the appellee had

VOL 13—24

failed to comply with the conditions of the policy in this respect or to show that it had not waived such proof. *Indiana Ins. Co.* v. *Capehart, supra.*    The demurrer was properly sustained.

The last assignment of error discussed by appellant's counsel is the overruling of the motion for a new trial. The questions arising under this assignment are the same as those in the case of *Indiana Ins. Co.* v. *Glenn,* 13 Ind. App. 534.    We there considered the same questions under the same assignment, and decided them adversely to the contention of the appellant, and they need no further consideration now.

Judgment affirmed.

Filed May 28, 1895.

### ON PETITION FOR REHEARING.

Lotz, J.—The appellant has petitioned for a rehearing in this case, and, in support thereof, says:

"The court has not apprehended our position in this case.    It is not a question of ultimate liability of the company.    It is a question of procedure, a question of pleading.    So far as the question is concerned, the question of the ultimate liability of the company is not involved.    What we desire to present is, that under the pleadings in this case Mr. Glenn cannot recover, because there has never been any policy of insurance issued to him that he has declared upon."

In this contention we do not concur, for a contract of insurance was entered into with Glenn.    Counsel seem to overlook the fact that the assignment of a policy of insurance is the creation of a new contract between the company and the assignee, the terms of the old policy being the basis of the new contract.    This proposition is abundantly sustained by authority.    *Moffitt* v. *Phenix Ins. Co.,* 11 Ind. App. 233; *New* v. *German Ins.*

*Co., etc.,* 5 Ind. App. 82; *Continental Ins. Co.* v. *Munns,* 120 Ind. 30. This court, in speaking of the assignment of a policy in *New* v. *German Ins. Co., etc., supra,* used this language: "Such consent is equivalent to the creation of a new contract between the assignee and insurer according to the terms of the policy assigned. It is not strictly an assignment, but the creation of a new contract."

If we understand appellant's further contention, it is that there can be no recovery upon the policy in favor of Glenn alone until it and the assignment are reformed; that there can be no reformation, for there is no ambiguity or uncertainty apparent; that the contract fully expresses the intentions of the parties, and there is no occasion for a reformation.

No reformation was asked or obtained, and if appellant's position is correct, none could be decreed. Here again the appellant overlooks the fact that this action is based upon the new contract. The new contract was between the company and Glenn. Koerner and Zimmer had no interest in the new contract. The assignment apparently covered Zimmer's interest in the realty and personalty. The averments in reference to the ownership were intended to show that the appellant waived certain conditions of the policy. "Issuing or continuing a policy of insurance with full knowledge by the company of existing facts, which, according to a condition of the contract, make it voidable, is a waiver of the condition." *Havens* v. *Home Ins. Co.,* 111 Ind. 90. If, as a matter of fact, the new contract embraced or covered other property than the personalty, the appellant cannot complain if the appellee only seeks to recover for the personal property destroyed. It is further contended that the policy or contract is an entirety and indivisible; that the assignment to Glenn rendered the contract

void.    The cases of *Havens* v. *Home Ins. Co.*, *supra*, and *Phenix Ins. Co.*, *etc.*, v. *Pickel*, 119 Ind. 155, are again urged upon our consideration.

It occurs to us that appellant's counsel misapprehend the force of those decisions.    When the risk or property insured is an entirety, no change can be made in any part of it without affecting the risk on the whole. Thus, if a portion of it be mortgaged or additional insurance be taken upon it, or if the title or ownership of a portion be changed without the consent of the insured, such changes affect the entire risk, and cause a forfeiture.    In these instances the hazard may be increased, and, being done without the consent of the company, renders the contract void.

But this principle has no application here, for it is alleged that the company consented to the assignment.

These conditions were conditions for its benefit, and it certainly had the power to waive them.    No principle is better settled than this.    Here again appellant's counsel overlook the fact that this is a contract directly between Glenn and the company.    Nothing has been done to increase the hazard under the new contract.    Nothing appears in this case, which, in the remotest degree, calls for the application of the rule contended for.

Petition overruled.

Filed October 20, 1895.