Filed October 20, 1895.

---

No. 1,492.

## MANCHESTER FIRE ASSURANCE COMPANY *v.* KOERNER ET AL.

INSURANCE.—*Assignment of Part of Policy.—Individual Interest in Part of Goods Insured.—Complaint.*—Where the terms of the policy are

Manchester Fire Assurance Company v. Koerner et al.

"does insure Koerner and Zimmer and Frank Zimmer," taken in connection with the averment that Koerner and Zimmer were the owners of the building insured, and that Frank Zimmer was the owner of the stock of merchandise therein, and that these facts were known to the company when .he policy was issued, it is sufficiently shown that an assignment of the policy by Frank Zimmer only affected his interest in the goods.

SAME.—*Separate Contracts of Insurance in Same Policy.*—The execution of the policy, under the circumstances disclosed, was in effect separate contracts of insurance, one with Koerner and Zimmer and the other with Frank Zimmer.

SAME.—*All Facts Known to Company.—Rule as to Forfeitures.*— Where all the facts are known to the company when it issues the policy, the rule as to forfeitures where fraud or misrepresentation is used to deceive or mislead the company has no application.

SAME.—*Condition as to Arbitration, When Will Not Bar an Action. —Waiver.*—Where in a policy of insurance, arbitration is not made absolute in the first instance, but it is only when the parties fail to agree that it must be resorted to; and it appears from the averments of the complaint that no award was made, but does not appear who was responsible for the failure of the arbitrators to agree or make an award, but that after the failure of the arbitrators to agree, the company adjusted the loss on the building, and prorated a part to the policy in suit, and requested plaintiffs to make proof of their loss in that amount, which plaintiffs did, these facts constitute a waiver of arbitration, and the condition in the policy as to arbitration will not bar an action for the amount adjusted between the company and the insured.

SAME.—*Separate Contracts in Same Policy.—Action on One.—Plea in Abatement, in Bar.*—Where the policy is in effect two distinct contracts of insurance, or two distinct and independent stipulations in the same contract, and an action is brought by the assignee of the insured on one of the contracts or stipulations, wherein the assured in the other contract or stipulation is made a defendant and answers asking that his interest be protected, it will not abate an action by such other insured, nor will a judgment therein bar such an action.

From the Washington Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores,* for appellant.

*R. J. Tracewell* and *Elliott & Hostetter,* for appellees..

LOTZ, J.—This action was brought by the appellees,

William Koerner and Frank Zimmer, on a policy of fire insurance issued by the appellant.    It is the same policy upon which suit was instituted in the case of *Manchester Fire Ass. Co.* v. *Glenn*, 13 Ind. App. 365. It is averred in the complaint that the plaintiffs were the owners of a building situate on a certain lot in the town of Bird's Eye; that Frank Zimmer, one of the plaintiffs, was the sole owner of a stock of merchandise and fixtures contained in the building; that an agent of the company prepared and countersigned the policy, and that at the time he did so he had full knowledge of the facts that Koerner and Zimmer owned the building, and that Frank Zimmer was the sole owner of the stock of merchandise and fixtures; that the policy insured Koerner and Zimmer in the sum of $300 against damage by fire on their building, and Frank Zimmer in the sum of $700.00 on the stock of merchandise and fixtures; that Frank Zimmer subsequently assigned his interest in the policy, so far as the same affected the stock of merchandise and fixtures, to one James E. Glenn; that by mistake the assignment was made to include all the interest of Zimmer in the policy when the intention was to include only his interest in the stock and fixtures; that the policy was issued on the 11th day of September, 1892, and continued for the period of one year; that on the 20th day of August, 1893, the building was totally destroyed by fire.    It is averred generally that the plaintiffs complied with all the conditions of the policy on their part.    Following this general averment it is alleged that immediately after the fire on the 21st day of August, 1893, the plaintiffs notified the company of their loss on the building; and that the company, on the 23d day of August following, sent its adjusting agent to the scene of the fire; and that said adjusting agent proceeded to examine into the facts, circumstances, and

incidents of said loss, and then and there attempted to agree with plaintiffs as to the value of the building and the plaintiffs' loss occasioned by its destruction; that plaintiffs and defendants were unable to agree as to the value of the building or the loss occasioned by its destruction; that at the suggestion of the defendant the value and loss were submitted to arbitration, the plaintiffs selecting one arbitrator and the defendant one; that the arbitrators met and took and held the matters to be arbitrated under consideration until the —— day of ————, 1893; that on the —— day of October, 1893, the arbitrators having failed to agree or make any award in the premises, the adjusting agent of the defendant agreed and promised to pay plaintiffs because of their loss the sum of $251.71, adjusting their loss at the sum of $1,700.00, said first sum being the *pro rata* part due plaintiffs on the policy in suit, on the basis of $1,700.00; that afterwards on the —— day of December, 1893, the defendant sent to plaintiffs (blank) proof of said loss for them to make, with said sum of $1,700.00 being filled in said (blank) proof of loss, as the amount of plaintiffs' loss because of the destruction of their building, and that plaintiffs did on the —— day of December, 1893, make due proof of their said loss, using therefor the (blank) form so sent them, and mailed the same to the company, and that such proof is now in its possession; that the building was owned by the plaintiffs at the time of the fire, and was of the value of $3,000.00. James E. Glenn was made a party defendant to answer as to any interest he might have in the policy. A copy of the policy, with the written assignment indorsed thereon, was made an exhibit to the complaint. From the written indorsement it appears that Frank Zimmer, as the owner of the property covered by the policy, assigned it to Glenn. Among the conditions

of the policy are the following: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value * * * *. Said ascertainment or estimate shall be made by the insured and this company, and if they differ then by appraisers as hereinafter provided; and the amount of loss or damage having been thus determined, the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss have been received by this company in accordance with the terms of this policy." * * * * "In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss." "This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void * * * * * if the interest of the insured be other than unconditional and sole ownership. * * No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

A demurrer for want of facts was overruled to this complaint, and this ruling is one of the errors assigned.

The appellant contends that it appears from the policy

itself and from the assignment indorsed thereon, that at the time of the fire the plaintiffs, Koerner and Zimmer, had no interest in the property; that an interest held by Koerner alone is not sufficient to support an action on the policy in favor of both of the plaintiffs. It is true that the written assignment shows that Frank Zimmer, as the owner of the property, assigned the policy to Glenn; but we think it apparent from the terms of the policy itself that Frank Zimmer individually and the firm of Koerner and Zimmer were both insured. The terms of the policy are, "does insure Koerner and Zimmer and Frank Zimmer." This, taken in connection with the averments that Koerner and Zimmer were the owners of the building, and that Frank Zimmer was the owner of the stock of merchandise, and that these facts were known to the company, sufficiently shows that the assignment to Glenn only affected Zimmer's interest in the goods. The execution of the policy, under the circumstances disclosed, was in effect separate contracts of insurance, one with Koerner and Zimmer and one with Frank Zimmer, and that the assignment made by Zimmer only included his interest in the goods. It is also insisted that the complaint shows that the plaintiffs were not the unconditional and sole owners of the property insured at the time the policy was issued, nor at the time of the loss; that in this respect the terms of the policy were violated and the insurance forfeited. Whatever the rule may be as to forfeitures where fraud or misrepresentation is used to deceive or mislead the company, such rule has no application where all the facts are known to the company when it issues the policy. Such condition of the policy may be waived. *Manchester Fire Assurance Co.* v. *Glenn, supra.*

The last objection urged against the sufficiency of

the complaint is that it appears from the conditions of the policy that the action was prematurely brought; that no action will lie until after the arbitrators shall have ascertained the amount of the loss. A provision in a contract for the payment of money upon a contingency that the amount to be paid shall be submitted to arbitration, and that such award shall be final as to that amount is a valid stipulation. Wood Ins., p. 757; May Ins., section 493; *Liverpool, etc., Ins. Co. v. Wolff*, 14 Atl. Rep. 561; *United States v. Robeson*, 9 Pet. *319. There are many cases which hold that if the contract further provides that no action shall be maintained upon it until after such an award, then the award becomes a condition precedent to the right of action. *Hamilton v. Liverpool, etc., Ins. Co.*, 136 U. S. 242; *Martinsburg, etc., R. R. Co. v. March*, 114 U. S. 549; *United States v. Robeson, supra.*

When no such condition is expressed in the contract, or cannot be necessarily implied from its terms, the authorities are all agreed that the provision for submitting the amount to arbitration is collateral and independent; that while a breach of such condition will support a separate action, it cannot be pleaded in bar to an action on the principal contract. *Hamilton v. Home Ins. Co.*, 137 U. S. 370.

There is some conflict in the authorities as to when such conditions are precedent or merely optional, *Kahnweiler v. Phenix Ins. Co., etc.*, 57 Fed. Rep. 562; *Wright v. Susquehanna, etc., Fire Ins. Co.*, 20 Atl. Rep. 716; *Nurney v. Fireman's Fund Ins. Co.*, 63 Mich. 633; *Phœnix Ins. Co. v. Badger*, 53 Wis. 283; Wood Ins., section 1015. But the authorities are all agreed that whether such conditions be absolute and precedent, or merely optional, they may be waived. In the policy before us arbitration is not made absolute in

the first instance.    It is only when the parties fail to agree that it must be resorted to.    Whether or not arbitration became a condition precedent to the right to maintain the action on the failure to agree, we need not determine.    It appears from the averments that no award was made.    It does not appear who was responsible for the failure of the arbitrators to agree or make an award, but it does appear that after the failure of the arbitrators to agree the company adjusted the loss on the building, and prorated a part to the policy in suit and requested plaintiffs to make proof of their loss in that amount, which they did.    These facts, we are of opinion, constitute a waiver of the arbitration. The complaint is sufficient to withstand the demurrer.

The next error discussed by counsel relates to the ruling of the court in sustaining appellees' demurrer to appellant's plea in abatement.    This plea in substance avers that James E. Glenn, the assignee of Frank Zimmer, had instituted a suit on the same policy and had made the appellees in this action defendants thereto, and that the appellees had appeared thereto and filed an answer, in which they asked that their rights be protected under the policy, and that such action was pending in the Washington Circuit Court undetermined.

The complaint in this case shows that the company issued the policy to Koerner and Zimmer and to Frank Zimmer, knowing that the first owned the building and the latter the stock of goods; that their interests were separate and distinct.    The policy was in effect two distinct contracts of insurance, or two distinct and independent stipulations in the same contract.    In an action by Glenn on the policy, Koerner and Zimmer were only nominal parties; they could not obtain any affirmative relief therein unless they filed a counterclaim or cross-

complaint against the company. The matters involved in this controversy were not necessarily involved in that action.

The court below sustained a demurrer to the second paragraph of appellant's answer. This ruling is one of the errors assigned. This paragraph avers that Glenn, the assignee of Frank Zimmer, brought a suit on the same policy in the Washington Circuit Court, against the company, making these appellees parties defendant thereto ; that the appellees appeared thereto and filed an answer therein; that the issues joined were submitted and determined and judgment rendered therein, which is in full force. It does not appear that the appellees filed any counterclaim, or obtained or were denied any affirmative relief by the judgment rendered therein. If what we decided with reference to the plea in abatement is correct, there was no error in sustaining the demurrer to this paragraph.

It is also insisted that the court erred in its conclusion of law on the special findings of fact and in overruling the motion for a new trial. A careful consideration of these assignments convinces us that there was no reversible error in these rulings of the court.

Judgment affirmed.

Filed June 5, 1895.

### ON PETITION FOR REHEARING.

LOTZ, J.—What is said in the case of *Manchester Fire Assurance Co.* v. *Glenn*, 13 Ind. App. 365, disposes of all the questions raised on the petition for a rehearing except three : the waiver of the arbitration, the sustaining of the demurrer to the plea in abatement, and the sustaining of the demurrer to the second paragraph of the answer.

We see no occasion for changing our opinion as to

the waiver of the arbitration. The facts pleaded constitute a waiver.

As to the rulings in sustaining the demurrers to the plea in abatement and the second paragraph of answer, it must be remembered that the contract sued upon by Glenn was a separate and distinct contract from the one in suit. It was a new contract in which Glenn alone was the insured, and in which the appellees had no interest and were not necessary parties. They were not bound to file a cross-action upon another and distinct contract; nor could any judgment rendered therein in the absence of such pleading constitute an adjudication.

Petition overruled.

Filed October 30, 1895.