## Miles Lamp Chimney Company v. Erie Fire Insurance Company et al.

[No. 20,339. Filed January 31, 1905.]

1. CORPORATIONS.—*Change of Name.—Identity.*—The mere change of name of a corporation does not affect the identity of the corporation. p. 184.

2. INSURANCE.—*Property Transferred to Succeeding Corporation.*—An insurance company is not liable to a new corporation to which the insured corporation transfers its property, where the insured corporation still exists and is not merged in the new, unless such new corporation shows that it has in some lawful way succeeded to the rights of the insured company in the policy. p. 184.

3. SAME.—*Delectus Personae.—Transfer of Ownership.—Consent.*—A policy is void which provides that it shall be void if the interest of assured shall be other than sole ownership or if any change take place in the title, where it is shown that the insured property was transferred by the assured corporation to another corporation, and that both corporations asked such insurance company to indorse its consent on the policy, which it refused to do. p. 184.

From Marion Circuit Court (11,657); *Henry C. Allen,* Judge.

Miles Lamp Chimney Co. *v.* Erie Fire Ins. Co.

Action by the Miles Lamp Chimney Company against the Erie Fire Insurance Company and another. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Bingham & Long,* for appellant.

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellees.

HADLEY, C. J.—Suit by appellant on a fire insurance policy to recover the value of property destroyed, which is alleged to have been insured by appellee insurance company. A demurrer to the complaint for improper party plaintiff and insufficiency of facts was sustained, and, the plaintiff electing to stand by its demurrer, judgment was rendered against it for costs.

It is averred in the complaint that on April 1, 1901, the Erie Fire Insurance Company, for a sufficient consideration, issued to the American Crystal Monument Company a policy of insurance on its manufacturing plant; said monument company was at the time engaged in the manufacture and sale of lamp chimneys, and not engaged in the monument business; that thereafter the officers and stockholders, deeming it advisable and to the best interests of the corporation to transact and advertise its business under a corporate name more appropriate to the character of its business, decided to change the name of the corporation, and, for that purpose only, did on September 1, 1901, organize a corporation under the laws of Indiana, in the name and style of the Miles Lamp Chimney Company; that the stockholders in the Miles Lamp Chimney Company were the same as the stockholders in the American Crystal Monument Company, and the officers were the same except that Mrs. Miles was vice-president of the new company, and the bookkeeper of the old company was chosen secretary of the new, and Samuel W. Miles was president, secretary and treasurer

of the old, and president and treasurer only of the new company; that upon the organization of said new company the American Crystal Monument Company conveyed to it all the former's property, including its manufacturing plant, buildings, machinery, stock, and the policy of insurance sued on; that the same officers and employes operating and in charge of said plant when said policy of insurance was issued continued in its operation and management, and continued to operate and manage it in the same manner from the issuance of said policy till the plant's destruction by fire as hereinafter described; that the plaintiff and its assignor have performed all the conditions of the policy contract on their part; that, after the transfer of the property and policy of insurance to the plaintiff as aforesaid, both the plaintiff and the American Crystal Monument Company notified the agent of the insurance company of the change of name and transfer of property and policy, and requested the company's approval of the transfer of said policy, which approval was, by said agent, refused, and which was afterward refused by the defendant company at its home office in New York; that the property insured was subsequently totally destroyed by fire; that notice thereof was given to the company, and proofs of loss made as required by the policy, and the same remains unpaid.

The sustaining of the demurrer to the complaint is the only assignment. Was the complaint sufficient? There was no effort made to change the name of the corporation in the manner prescribed by the statute, but appellant's counsel contend that the complaint is ruled by the doctrine as stated by Mitchell, J., in *Louisville, etc., R. Co.* v. *Boney* (1889), 117 Ind. 501, 505, thus: "Where one corporation goes entirely out of existence by being incorporated into another, if no arrangements are made respecting the property and liabilities of the corporation that ceases to exist, the corporation into which it is merged will succeed to all its property, and be answerable for all its liabilities." Assum-

ing that the rule here announced applies to manufacturing corporations, it is nevertheless inapplicable to the facts averred in this complaint.

1. A mere change of name does not affect the *corpus* or identity of the corporation. 10 Cyc. Law and Proc., 155. Under the new name it is the same person or unit it was under the old name, possessed of the same rights and liabilities, and the idea that it can be a grantor under the old name to itself under the new name is absurd.

2. Here it is charged that the organization of the Miles Lamp Chimney Company was for the purpose of effecting a change of the corporation's name, yet it is shown by the averments that the old corporation continued to exist and bear its old name, and that the organization of the Miles Lamp Chimney Company was the creation of a new and distinct entity. The old corporation by its corporate name is made a party defendant to answer to its interest in the subject-matter of the suit, and it came into court in response to the summons and filed its answer of disclaimer. Both corporations gave notice to the insurance company of the conveyance of the insured property, and requested assent to an assignment of the policy. It is not shown that there was either a consolidation or merger of the two corporations, or that the identity of the old and contracting corporation was in any way preserved in the new. On the contrary, the things alleged clearly imply that the American Crystal Monument Company is still an existing, active, distinct corporation, capable of being sued, and, for aught that appears, engaged in the prosecution of the business for which it was organized. It follows that the appellant corporation can not maintain this action without showing that it has in some lawful way succeeded to the rights of the American Crystal Monument Company in the policy of insurance in suit.

3. It is averred that after the issuance of the policy the monument company conveyed the property to appellant, in-

cluding an assignment of the policy before loss. This policy contained the following provision: "This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if * * * the interest of the insured be other than unconditional and sole ownership; or if the subject of the insurance be a building on ground not owned by the insured in fee simple; * * * or if any change, other than by death of an insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise; or if this policy be assigned before loss." It does not appear that the company ever indorsed upon the contract its agreement, or in any way assented to the transfer, or to an assignment of the policy. Without such agreement or assent, express or implied from the conduct of the insurer, such policy, for two reasons, was nullified: (1) Because so stipulated in the contract; and (2) because in the hands of an assignee it had no validity as an insurance contract without the assent or approval of the insurer. *Continental Ins. Co.* v. *Munns* (1889), 120 Ind. 30, 5 L. R. A. 430; *New* v. *German Ins. Co.* (1892), 5 Ind. App. 82. The complaint is not silent upon the question of the insurance company's assent to the transfer of the policy, but it expressly avers that the company refused to give such assent. The complaint was therefore insufficient, and the demurrer thereto was correctly sustained.

Judgment affirmed.