## GERMAN FIRE INSURANCE COMPANY OF INDIANA *v.* GREENWALD.

[No. 7,752. Filed November 27, 1912.]

1. INSURANCE.—*Brokers.—Agency for Insurer.—Notice of Matters Relating to Risk.*—An insurance broker, acting within the scope of his authority, is the agent of the company from which he secures insurance, and his knowledge of matters relating to the risk is binding on the company, though not communicated to it. p. 472.

2. INSURANCE.—*Fire Insurance.—Action.—Evidence.—Notice of Matters Relating to Risk.—Verdict.*—In an action on a fire policy, where there was evidence tending to show that when plaintiff applied for the insurance the agents of the company were informed that there was a mortgage on the property, and that the building was used in part for the manufacture of cigars and tobacco, a general finding for plaintiff included a finding that defendant at the time of issuing the policy knew of the existence of the mortgage and the uses to which the property was put. p. 472.

3. INSURANCE.—*Fire Insurance.—Conditions.—Waiver.—Issuance of Policy With Notice.*—Where an insurance company had notice of the existence of a mortgage on the property of the insured, and that the property was being used for other than residence purposes, the issuance of a policy amounted to a waiver of the right to defeat a recovery on the ground that the insured's interest was less than that of an absolute owner, or that the hazard was increased by the uses made of the property. p. 473.

4. INSURANCE.—*Fire Insurance.—Avoidance for Breach of Condition.—Procuring Other Insurance.—Effect of Transfer of Property.*—Where, after procuring insurance on property and making it payable to a mortgagee as his interest appeared, the property was conveyed to plaintiff, but without assigning the policy to her, and plaintiff thereafter procured insurance on the property from defendant without disclosing the existence of the former policy, there was no breach of the condition in the latter policy stipulating that it should be void if the insured either had procured, or would thereafter procure, other insurance without the consent of defendant, since a transfer of title does not carry with it to the purchaser a policy of insurance on the property held by the seller. pp. 473, 474.

5. INSURANCE.—*Fire Insurance. — Contracts. — Nature. — Assignment.*—A contract of fire insurance is in the nature of indemnity and personal, and relates to the insured and not to the subject-matter of the insurance, and an assignment without the consent of the insurer is ineffective. p. 474.

6. INSURANCE.—*Fire Insurance.—Breach of Condition.—Over Insurance.*—Where, after procuring insurance on property, the owner conveyed the property to plaintiff, but without assigning the policy to her, and plaintiff procured insurance from defendant without disclosing the existence of the former policy, in an action on the latter a verdict for plaintiff cannot be disturbed on the ground that its affirmance amounts to an approval of over insurance. p. 474.

From Superior Court of Marion County (78,013) ; *Pliny W. Bartholomew,* Judge.

Action by Mamie Greenwald against the German Fire Insurance Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Pickens, Moores, Davidson & Pickens,* for appellant.
*Bailey & Young,* for appellee.

FELT, J.—Appellee brought this action to recover on a policy of fire insurance issued to her by appellant. Trial

by jury resulted in a verdict for appellee in the sum of $448. Motion for a new trial was overruled and this appeal taken. The only error assigned is overruling appellant's motion for a new trial. Of the several grounds of this motion, appellant urges only the following:

(1) That the verdict is not sustained by sufficient evidence, (2) that the verdict is contrary to law, and (3) that the trial court erred in giving to the jury on its own motion instruction eight. Issues were duly formed by several paragraphs of answer and replies thereto.

The evidence shows, in substance, that for some time prior to October, 1907, Henry Greenwald, husband of appellee, was the owner of the real estate, the subject of the insurance in this case; that as such owner he executed a mortgage on the property in the sum of $300, and insured the property for that sum in the Franklin Fire Insurance Company, and the policy was duly assigned for the benefit of the mortgagee; that in October, 1907, Henry Greenwald, appellee, joining in the deed, conveyed the property in question to a trustee, who subsequently reconveyed it to appellee; that in January, 1908, the policy in suit was issued to appellee by appellant company; that early in March, 1908, the house was burned. The policy in suit contained provisions to the effect (1) that it should be void if the insured in anyway concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof; (2) that it should be void if the insured had any other insurance on the property, whether valid or not; (3) that it should be void if the interest of the insured be other than an unconditional ownership. Appellant contends that appellee violated each of these provisions, and that the policy is not enforceable because appellee failed to inform appellant (1) that the insured property was mortgaged, (2) that it was insured with the Franklin company, and (3) that the house was not used exclusively as a residence, but was used in part as a factory for the manufacture of

cigars and tobacco, which were material facts concealed from appellant by appellee. The policy of insurance on which this suit was brought was procured through Heaton Brothers. The evidence tends to show that they had for seven years kept in their possession blank applications of appellant; that in some instances they used the blanks, and in others they made memoranda on blank paper, reported the facts to appellant and secured policies on applications made up from such data; that such policies were delivered by them to the insured, and the premiums collected and reported to the company; that appellant paid them a commission on all policies so secured, but they held no written appointment as agents; that the husband of appellee applied to Heaton Brothers for insurance on her property, and furnished the data therefor; that they procured it from appellant, delivered the policy, collected the premium and received a commission from the company out of the premium so collected.

It is held in this State that an insurance broker, acting within the scope of his authority, as did Heaton Brothers in this instance, is the agent of the company from

1.    which he secures insurance and that his knowledge relating to the risk is binding on the company, though not communicated to it. *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, 24 N. E. 100; *Criswell* v. *Riley* (1892), 5 Ind. App. 496, 504, 30 N. E. 1101, 32 N. E. 814; *Shaffer* v. *Milwaukee Mechanics' Ins. Co.* (1897), 17 Ind. App. 204, 212, 46 N. E. 557; *Bowlus* v. *Phenix Ins. Co.* (1892), 133 Ind. 106, 117, 32 N. E. 319, 20 L. R. A. 400. There is evidence tending to show that when appellee applied for

2.    the insurance through her husband, the latter informed Heaton Brothers that there was a mortgage on the property, and that the building was used in part for the manufacture of cigars and tobacco.

Under the issues, the general finding for appellee in-

cluded a finding that appellant when it issued the policy in suit knew of the existence of the mortgage and of the use of the property for the purposes aforesaid. The issuance

3. of the policy with such knowledge amounted to a waiver of the right to defeat a recovery on it on the ground that the property was mortgaged, and the insured's interest less than that of an absolute owner, or on the ground that the property was used for purposes other than a residence, or that the hazard was increased by the use of the property for manufacturing purposes. *Traders Ins. Co.* v. *Cassell* (1900), 24 Ind. App. 238, 242, 56 N. E. 259; *Havens* v. *Home Ins. Co.* (1887), 111 Ind. 90, 92, 12 N. E. 137, 60 Am. Rep. 689; *Geiss* v. *Franklin Ins. Co.* (1890), 123 Ind. 172, 175, 24 N. E. 99, 18 Am. St. 324; *Indiana Ins. Co.* v. *Hartwell, supra; Replogle* v. *American Ins. Co.* (1892), 132 Ind. 360, 366, 31 N. E. 947; *Farmers Mut. Fire Ins. Co.* v. *Jackman* (1905), 35 Ind. App. 1, 17, 73 N. E. 730.

It is also contended that there can be no recovery

4. because of the condition in the policy that it shall be void if the insured has or shall procure any other insurance on the property, whether valid or not.

The first policy was taken out before the property was conveyed to appellee, and was payable to the mortgagee, as his interest appeared. When the property was conveyed to appellee the policy was not assigned to her, nor is it shown that she had any knowledge thereof. It will be observed that the condition relied on does not, like many such clauses, provide that the policy shall be void if there is any other insurance on the property, but stipulates that the policy shall be void if the insured either has or thereafter procures other insurance on the property without the consent of the company. Since there was no assignment of the policy to appellee, the insurance on the property at the time it was conveyed to her did not become hers unless the conveyance of the real estate had the effect of transferring to her the

insurance. The transfer of the title to real estate does not carry with it to the purchaser a policy of insurance on the property held by the seller. An assignment without the consent of the insurer is ineffective. Contracts of insurance are in the nature of indemnity, and personal. They relate to the insured and not to the subject-matter of the insurance. An assignment and assent of the insurer constitute a new contract between the assignee and the insurer according to the terms of the policy. It is clear, therefore, that appellee did not have other insurance, and that her policy cannot be defeated on that ground. *New* v. *German Ins. Co., etc.* (1892), 5 Ind. App. 82, 85, 31 N. E. 475; *Continental Ins. Co.* v. *Munns* (1889), 120 Ind. 30, 32, 22 N. E. 78, 5 L. R. A. 430; *American, etc., Ins. Co.* v. *Bertram* (1904), 163 Ind. 51, 57, 70 N. E. 258, 64 L. R. A. 935; *Mills Lamp Chimney Co.* v. *Erie Fire Ins. Co.* (1905), 164 Ind. 181, 185, 73 N. E. 107; *Franklin Ins. Co.* v. *Wolff* (1899), 23 Ind. App. 549, 554, 54 N. E. 772; *Wyman* v. *Prosser* (1862), 36 Barb. (N. Y.) 368; *Carpenter* v. *Providence Washington Ins. Co.* (1842), 16 Pet. *495, 10 L. Ed. 1044.

The objection to the eighth instruction is based on the contention that the policy was void if there was any other insurance on the property, whether held by appellee or some one else. The instruction was an accurate and clear statement of the law that the policy sued on was void if appellee had other insurance, but that it was not rendered void by the existence of another policy issued before she became the owner of the property, but which policy she did not obtain or own. Appellant also contends that the judgment cannot stand, because it amounts to an approval of over insurance. The answer to this is that the court is not sanctioning over insurance, but simply giving effect to the contract as made by the parties. There is evidence to support the finding and judgment.

The trial court did not err in overruling the motion for a new trial.

Judgment affirmed.

Note.—Reported in 99 N. E. 1011. See, also, under (1) 22 Cyc. 1434, (2) 19 Cyc. 968; (3) 19 Cyc. 814, 817; (4) 19 Cyc. 704; (5) 19 Cyc. 633; (6) 19 Cyc. 771. As to the waiver of stipulations that conditions and forfeitures in insurance policies shall not be waived or shall be waived in writing only, see 107 Am. St. 99. For a discussion of the waiver of the conditions in an insurance policy by the insurer's knowledge of existing facts, see 2 Ann Cas. 280; 18 Ann. Cas. 686. Insurance brokers as agents for the insured, see 38 L. R. A. (N. S.) 614.