# PHILAPY *v.* AUKERMAN-BRIGHT LUMBER COMPANY.

## [No. 8,339.   Filed May 13, 1914.]

1.  APPEAL.—*Presenting Questions for Review.—Sufficiency of Evidence.*—The sufficiency of the evidence can not be questioned on appeal by an independent assignment of error, but its insufficiency should be alleged as a ground for a new trial and then presented on appeal by an assignment of error in overruling the motion for new trial.  p. 267.

2.  ACCOUNT.—*Complaint.—Sufficiency.*—A complaint stating facts showing that the action was on an account on which the defendant was indebted to plaintiff in a certain sum, as shown by a bill of particulars filed as an exhibit, was not insufficient by reason of surplusage contained therein, or for failure to allege a demand before suit.  p. 267.

3.  ACTION.— *Parties. — Real Party in Interest. — Corporations. —* The mere change of the name of a corporation does not change the identity of such corporation, hence where the undisputed evidence showed that plaintiff was in fact the same corporation

to whom defendant was indebted, though its name had been changed, it was the real party in interest and entitled to maintain the action. p. 268.

4. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—Where the evidence on the question of payment in an action on account was conflicting, and there was some evidence to support the finding, it will be sufficient on appeal. p. 268.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by the Aukerman-Bright Lumber Company against John B. Philapy. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ethan T. Reasoner* and *Albert Ward,* for appellant.
*Cole & Cole* and *Murphy & Todd,* for appellee.

FELT, J.—Appellee recovered judgment against appellant for $269.02, balance due on account. Appellant has appealed and assigned as error the overruling of the demurrer to the complaint for insufficiency of facts alleged to state a cause of action, and the overruling of the motion for a new trial. Independent error is attempted to be assigned questioning the sufficiency of the evidence, but such assignments present no question, for to present such question the insufficiency of the evidence must be assigned as grounds for a new trial and be presented on appeal by assigning error in the overruling of such motion.

The complaint contains some surplusage but it clearly shows that the suit is on an account. From the averments it appears that from March 13, 1907, to April 16, 1908, appellant was a stockholder and employe of appellee and that the company kept an account with him on which certain items of cash and merchandise were charged against him, in the aggregate amount of $1,569.02, and he was credited with items of salary amounting to $1,300; that the charges were for money and materials furnished appellant at his special instance and request; that on March 31, 1908, there was due from John B. Philapy to appellee the sum of $269.02, which was then due and wholly unpaid, "an itemized statement of which account is

hereby attached, marked 'Exhibit A' and made a part hereof.'' The exhibit is set out with the pleading. The complaint states a cause of action for the recovery of the balance alleged to be due on account. No demand before suit was necessary. The court did not err in overruling the demurrer to the complaint.

The cause was tried by the court without a jury. Appellant admitted that the items as set forth in the exhibit filed were the true and correct amounts of the itemized debits and credits between him and the Aukerman-Philapy Lumber Company, a corporation. There is undisputed evidence to show that appellee is the successor to Aukerman-Philapy Lumber Company and in fact the same company with its name changed. The suit is therefore by the real party in interest. The mere change of name does not change the identity of a corporation. Under the new name it is the same person, or unit it was under the old name. *Miles Lamp Chimney Co.* v. *Erie Fire Ins. Co.* (1905), 164 Ind. 181, 184, 73 N. E. 107. Furthermore no question in regard to the evidence showing the identity of the two companies is presented by the appeal.

A new trial was asked on the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law. The items of the account were admitted and appellant relied on showing payment. On that issue the evidence is conflicting. Appellant claimed to have paid the account when he sold his stock in the Aukerman-Philapy Lumber Company, but the court found against him on that issue and our examination of the evidence shows that there was some evidence to support the finding of the court, which is sufficient on appeal.

No reversible error is shown and the judgment is therefore affirmed.

NOTE.—Reported in 105 N. E. 161. See, also, under (1) 29 Cyc. 747, 748; (2) Accounts and Accounting, 1 C. J. §156; 1 Cyc. 476; 31 Cyc. 68; (3) 10 Cyc. 155; (4) 3 Cyc. 360, 348.