The Western Assurance Co. *v.* The Studebaker Brothers Manufacturing Co.

Filed May 29, 1890.

———————◆———————

## No. 14,064.

### THE WESTERN ASSURANCE COMPANY *v.* THE STUDEBAKER BROTHERS MANUFACTURING COMPANY.

VERDICT.—*Answers to Interrogatories.*—If there is any reasonable hypothesis whereby the general verdict and the answers to interrogatories can be reconciled, the general verdict will be sustained.

INSURANCE.—*Action on Policy.*—*Notice of Loss.*—*Question of Fact for Jury.*—*Verdict.*—*Judgment non Obstante Veredicto.*—Where the policy of fire insurance sued on provides that the assured shall " render a particular account of the loss " as soon after the fire as possible, it is a question of fact, to be determined by the jury from all the evidence, whether the account of the loss was sent as soon as possible ; and, hence, in an action on a policy for the loss of lumber destroyed by fire, where the evidence showed that the assured was a very large manufacturing company, with many departments ; that it was assured in many companies, and that the president of the company, whose duty it was to make out the detailed statement of the loss, was absent a portion of the time between the date of the fire and proof of loss, the company, a general

The Western Assurance Co. v. The Studebaker Brothers Manufacturing Co.

verdict, supported by evidence, having been returned for the assured, was not entitled to judgment *non obstante veredicto* merely because the particular account of the loss was not sent to the company until almost two months after the fire occurred.

SAME.—*Lumber Destroyed.— Value.— How Determined.— Contract for Purchase of.—Inadmissibility of.*—The value of the lumber destroyed must be determined by its market value at the time and place destroyed. A contract by the assured for the purchase of lumber to be cut in another State, to be delivered in the future, is not admissible for the purpose of showing the market price of dry lumber destroyed.

NEW TRIAL.—*Excessive Damages.—Practice.*—An assignment as a cause for a new trial that the damages assessed are excessive applies only to actions for tort, and is not applicable to actions on contract.

From the Porter Circuit Court.

*F. M. Finch* and *J. A. Finch,* for appellant.

*A. Anderson* and *L. Hubbard,* for appellee.

OLDS, J.—This was an action brought by the appellee against the appellant on a fire insurance policy to recover for the loss of certain lumber which was destroyed by fire in the city of South Bend, on the 29th day of May, 1885. The appellant answered, first, by general denial, and, second, that the policy sued on was one of several, covering the same risk, issued by different companies, and provided that in case of loss the company should be liable for " no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon ;" that said policy provided that any fraud, or attempt at fraud, on the part of the assured, should avoid the policy ; that in making proofs of loss, the appellee attempted to defraud the appellant by making out and exhibiting to appellant false books and memoranda, and an exaggerated statement of the loss which it had suffered, making a showing of $25,000 more than the real value of the lumber destroyed.

The appellee replied, by general denial. There was a trial, resulting in a verdict and judgment for appellee for $4,726.84.

The jury also returned answers to interrogatories. The appellant, at the proper time, moved the court for judgment upon the answers of the jury to the interrogatories, notwithstanding the general verdict, which motion was overruled.

The appellant also moved the court for a new trial for the following reasons, stated in the motion :

*First.* That the judgment, or damages, assessed by the jury, are excessive.

*Second.* That the court erred in excluding the contracts of Carter & Bro. with appellee.

*Third.* That the verdict of the jury is contrary to the evidence.

*Fourth.* That the verdict of the jury is not sustained by the evidence ; and,

*Fifth.* That the verdict of the jury is contrary to law.

The court overruled the motion for a new trial, and appellant excepted.

The errors assigned are that the court erred in overruling appellant's motion for judgment on the answers of the jury to the special interrogatories notwithstanding the general verdict, and in overruling the motion for a new trial.

The jury made answers to interrogatories as follows :

2. Q. When did the fire occur for which loss is now claimed ?  Ans. May 29th, 1885.

3. Q. When did the plaintiff give notice of such loss to the defendant?  Ans. May 30th, 1885.

4. Q. When did the plaintiff make and send to defendant the proofs of such loss, giving a particular account thereof ?' Give the dates when the proofs were executed and when forwarded to the insurance company.  Ans. The proofs of loss were executed July 15th, 1885, and forwarded on the 22d day of July, 1885, and were received by the defendant on the 26th day of July, 1885.

5. Q. Had the defendant insurance company an agent at South Bend?  Ans. Yes.

The appellant contends that on these answers the court should have given judgment in its favor.

The policy of insurance sued upon contained a provision that " Persons sustaining loss or damage by fire shall forthwith give notice of such loss to the company, and as soon after as possible render a particular account of such loss."

Counsel for appellant insist that as the fire occurred on May 29th, 1885, and that as the particular account of such loss was not forwarded by the assured to the appellant until the 22d day of July thereafter, it affirmatively appears that the particular account of loss was not rendered to the appellant as soon after the fire as possible, and therefore the appellant is entitled to judgment.

It is well settled by the decisions of this court that if there is any reasonable hypothesis whereby the general verdict and the answers to interrogatories can be reconciled, the general verdict will be sustained, and the motion for judgment *non obstante veredicto* overruled. *Grand Rapids, etc., R. R. Co. v. Ellison,* 117 Ind. 234.

It is likewise well settled that this court will not weigh evidence, and will not reverse a case on account of the insufficiency of the evidence if there is any evidence tending to support the verdict.

In view of the language used in the policy sued on, it became a question of fact, to be determined by the jury, as to whether or not the appellee rendered a particular account of its loss to the appellant as soon after the loss as possible. It may, or may not, have been possible for the appellee to have rendered such account prior to July 22d ; this depended upon the facts and circumstances of the case. If the loss consisted of all of one particular lot of lumber, purchased and measured by an agent of the appellee, so that such person knew the actual amount destroyed, and such agent was present at the time of the fire, and was authorized to make out the proof of loss and forward it to the company, it would take but a short time to render the required account ; but, under

180     SUPREME COURT OF INDIANA,

The Western Assurance Co. *v.* The Studebaker Brothers Manufacturing Co.

other circumstances, it might require days and weeks, and even months, to make out a correct account of the loss, and if the facts proven in this case were such that the jury might have found that the appellee rendered the particular account as soon as possible, then the general verdict must stand, as in that event the facts found would be consistent with the general verdict, and we think the jury might have reasonably so found from the evidence in the case.

The evidence showed the appellee to be a very large manufacturing company, engaged in manufacturing wagons, carriages, and other articles; that it is one of the largest manufactories of the kind in the United States, carrying in stock an immense amount of lumber, materials, and goods, and its business operations extending over the United States and beyond. It purchased a vast amount of material, and employed thousands of men, and its business was divided into departments, each having its foreman.

The appellee was insured to the amount of over fifty thousand dollars, in some twenty different companies; a fire occurred by which it sustained a loss of over forty-six thousand dollars. A fire is an unusual occurrence; a thing not expected; not planned for; no person is set apart to ascertain the loss and make proof of it; this must be attended to by the officers and business managers; other duties may require their absence from the place of the loss. The evidence shows in this case that the president of the company attends to this duty, and that he was absent a portion of the time between the date of the fire and proof of loss; proof had to be made out for all the companies in which appellee held insurance; the books had to be examined to determine the amount of lumber purchased, and to ascertain the amount on hand at the date of the fire.

These and many other facts appeared by the evidence from which the jury may have found that the proof of loss was made as soon as possible by the appellee, and there was no error in overruling the motion for judgment *non obstante*

*veredicto.* We might add that, from the evidence, the jury might have found that proof of loss was waived by the appellant. Shortly after the fire the adjusting agent of the appellant appeared at South Bend to investigate the loss; examined the books of the appellee; looked through their statements; visited the scene of the fire, and upon the trial of the cause no contest was made over the fact that proof was not made within the proper time, and no defence of that kind was contended for. No objection appears to have been made at any time as to the time of making the proof. The defence made was on the ground of fraud other than the failure to make the proofs in the proper time.

The next question presented and discussed by counsel for appellant is the ruling of the court in sustaining the objection of the appellee to the introduction in evidence of contracts between the appellee and J. D. Carter & Bro., of dates December 30th, 1884, and July 6th, 1885, for lumber of the character used in their business. These contracts were offered in evidence by the defendant, the appellant, and were objected to by the appellee, and the objection sustained. There was no error in this ruling.

The lumber destroyed was dry lumber; these contracts were for lumber to be delivered in the future, to be made from certain timber; it was not manufactured at the time of the contract, but to be manufactured and shipped from the State of Tennessee. The value of the lumber destroyed must be determined by its market value at the time and place destroyed, by showing what articles of the same character were worth at the time in the market at South Bend. If the evidence showed the lumber destroyed to be clear, first-class poplar lumber, of certain dimensions, and dry, then it was proper to show what clear, first-class poplar lumber, dry and of the same dimensions, was worth in the market of South Bend at the time of the fire. If there was no market for it there, and there was another market near by, then it might probably be proper to show what it was worth in the nearest

market, and the cost of transportation ; or if none was in the market at that place, then probably it might be proper to show what such lumber was worth in the nearest market to South Bend where it could be purchased, and to prove the expense of transportation ; but the price which must govern is the market price in South Bend at the time it was destroyed.    To establish this fact it would not be proper to introduce a contract whereby A. purchased of B. lumber, even of the same character, to be delivered at South Bend, at the time the loss occurred.    A. may have purchased the lumber at more or less than the market price, and certainly it would not be proper to introduce a contract between two individuals showing a purchase of lumber of a different character, to be delivered at a different time, and if not proper to introduce a contract between two other parties not parties to the suit, it would not be to introduce a contract for the purchase of other lumber by the appellee.    The price at which lumber had been sold by special contract might have been inquired into under certain circumstances on the cross-examination of a witness who had testified as to the market value to test his knowledge, but such contract is not proper to go in evidence to prove the market value of lumber, and the court very properly excluded the contracts offered in evidence.

The next alleged error discussed by counsel is the first cause assigned in the motion for a new trial.    This is an assignment of the fourth specification for a new trial (R. S. 1881, section 559), and it has been repeatedly held by this court that this cause for a new trial only applies in actions for tort. To raise the question desired by counsel in this case the assignment of cause for a new trial should have been under the fifth statutory cause, and not under the fourth.    *Smith* v. *State, ex rel.,* 117 Ind. 167 ; *McKinney* v. *State, ex rel.,* 117 Ind. 26 ; *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548 ; Buskirk Pr. 234.

There is no question presented by this cause for a new trial.

As to the other causes for a new trial, that the verdict is not sustained by sufficient evidence and is contrary to law, it is sufficient to say that the evidence sustains the verdict.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 4, 1890; petition for a rehearing overruled May 29, 1890.