Davis *et al. v.* Montgomery.

Filed May 15, 1890.

123 587
124 500

No. 14,082.

### DAVIS ET AL. *v.* MONTGOMERY.

SUPREME COURT.—*Excessive Damages.—New Trial.—Practice.*—The assignment, as a cause for a new trial, that the verdict is not sustained by sufficient evidence, presents no question to the Supreme Court as to the amount of the recovery. In order to present that question it must be assigned as cause for a new trial that the amount of recovery was too large.

From the Jackson Circuit Court.

*C. B. Harrod, F. L. Hord* and *M. D. Ewing,* for appellants.

*W. K. Marshall, C. L. Jewett* and *H. E. Jewett,* for appellee.

MITCHELL, C. J.—This suit was instituted by Montgomery against Davis and wife, to foreclose a mortgage executed

by the latter, and to recover the amount of two promissory notes for $2,000 each, with interest, the notes being secured by the mortgage, a copy of which is exhibited with the complaint. The facts set up by way of defence were, in effect, that the consideration of the notes sued on was the unpaid balance of the purchase-price of the real estate described in the mortgage, which the defendant, Thomas S. Davis, purchased from the plaintiff.

It is averred, that for the purpose of inducing Davis to purchase the land, the plaintiff made certain false representations to him concerning the quantity of land embraced by the deed; that he fraudulently represented that the tract contained seven hundred acres, and that Davis, relying upon the representation thus made, purchased the land at the price of $40 per acre, making the total purchase-price $28,000, while in truth the tract only contained six hundred and twenty-five acres. It is averred that the purchase-price agreed upon had been fully paid, with the exception of the amount represented by the notes set out with the complaint. An abatement of the contract-price is claimed for the deficiency of seventy-five acres at $40 per acre. In other paragraphs of answer substantially the same facts are presented, and upon those facts it is alleged that the consideration of the notes has either wholly or partially failed, or that the notes in suit were executed without any consideration.

The appellee had judgment in the court below for the full amount due upon the notes, the judgment having been rendered over a motion for a new trial, which assigned as the only ground therefor that the decision of the court was not sustained by sufficient evidence, and that it was contrary to law. The overruling of this motion is the only error assigned here.

Taking the view most favorable to the appellant, it would appear from the evidence that there was a deficiency of seventy-five acres in the tract of land conveyed, and, assuming that the price agreed upon was forty dollars per acre, and

Davis *et al. v.* Montgomery.

that the evidence established all the other facts necessary to entitle the appellant to an abatement, the utmost that could have been abated was $3,000, leaving a balance of $1,000, with interest due on the notes.

Upon the appellants' case it appears, therefore, if there was any error it was in the assessment of the amount of recovery, in that it was too large. This is the utmost that is contended for in the briefs on appellants' behalf.

Among the statutory causes for a new trial the fifth is: " Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property."

That the amount of recovery was too large was not assigned as one of the causes for a new trial, and it has been repeatedly held that the sixth statutory cause, the one assigned in the present case, that the verdict or decision is not sustained by sufficient evidence, does not present any question as to the amount of the recovery. *Kelso* v. *Wolf*, 70 Ind. 105, and cases cited ; *Hyatt* v. *Mattingly*, 68 Ind. 271 ; *Ringle* v. *First Nat'l Bank, etc.*, 107 Ind. 425 ; *Lake Erie, etc., R. W. Co.* v. *Acres*, 108 Ind. 548.

The action was upon contract, and if the appellant regarded the amount of recovery too large he should have assigned that as one of the causes for a new trial. Not having done so, we must regard it as waived.

As there is no other question presented it follows that the judgment must be affirmed, with costs.

Filed May 15, 1890.