MOORE ET AL. v. McPHEETERS ET AL. ·

[No. 1,904.   Filed May 6, 1896.]

From the Monroe Circuit Court.   *Affirmed.*

*John R. East* and *Robert G. Miller*, for appellants.

*J. B. Wilson*, for appellees.

REINHARD, J.—Action by appellees against appellants, who are husband and wife, on a promissory note.   Answer of payment and general issue.   Reply of general denial.   Trial by court, and finding and judgment in favor of appellees on the note, together with interest and attorney's fees.

The only question presented for our determination is as to the sufficiency of the evidence to sustain the finding.

. The note was given for a buggy purchased by the appellant, Mary D. Moore.

The principal issue was that of the payment of the note.   There was evidence that the appellant Samuel J. Moore, husband of appellant, Mary D. Moore, transferred to the payees of the note a claim of $50.00 on one Richard Baker, due said Mary D. Moore, and another account for $25.00 for wood that was sold from the farm of said Mary D. Moore.   The appellants credited these amounts on other indebtedness of Samuel D. Moore which was then due, claiming that no directions were given to apply the same on the note in suit, which was not due at the time the accounts were turned over.   The other indebtedness from Samuel D. Moore was not denied and the undisputed evidence shows that the credits mentioned were applied to it, which consumed the entire amount of such credits.   There was evidence to prove that no directions were given as to how the credits should be applied and that the appellant, Samuel D. Moore, who was the agent of his wife, knew that such credits were used in payment of his own indebtedness without objection on his part, or on the part of his wife, who had opportunities for knowing that the accounts were credited upon her husband's indebtedness.

Under these circumstances we cannot say that the uncontradicted evidence shows that the note in suit had been paid.   The .burden of proving its payment was on the appellants.   If the $75.00 credits were, by the consent of the wife, applied to the payment of her husband's individual debts, she was estopped to assert that they should have been applied to the extinguishment of the note.   When all the evidence is considered we are unable to say that there was not some

proof that appellant, Mary D. Moore, acquiesced in the placing of the credits upon her husband's accounts.

Moreover, even if the entire amount of $75.00 had been credited upon the note, it would not have paid the whole of it with the interest thereon. There was, therefore, some amount due the appellees on the note which they were entitled to recover, and this being true, they were also entitled to recover an attorney's fee. There was no reason or ground assigned in the motion for a new trial that the recovery was too large. No question can therefore arise on appeal upon the excessiveness of the recovery. Section 568, Burns' R. S. 1894, subd. 5; *Bartlett* v. *Burden,* 11 Ind. App. 419.

Judgment affirmed.