## Cox, Receiver, *v.* The Bank of Westfield.

[No. 2,259.   Filed October 7, 1897.]

BILLS AND NOTES.—*Indorsement of Note Not Negotiable.—Notice to Maker.*—Any one who purchases a note not governed by the law merchant, should at once notify the maker of the change of ownership, if he desires to be protected from defenses afterward acquired by the maker.  *pp. 249, 250.*

EVIDENCE.—*Sufficiency of to Show Notice to Maker of Indorsement.*—In an action on a note not governed by the law merchant, there was evidence that the note sued on was given in renewal of another note which was held by plaintiff bank as collateral security for a debt due from payee, and that at the time of the renewal the payee was informed that it would be necessary to get the old note from the bank.  *Held,* that there was evidence showing that defendant had notice of the indorsement of the note to plaintiff at the time it was made.  *pp. 250, 251.*

APPEAL AND ERROR.—*Motion for New Trial.—Excessive Recovery.*—Where, according to the pleadings and evidence, the judgment must necessarily have been for the appellee in some amount, the question as to the correctness of the judgment can only be raised by a specification in the motion for a new trial directly assailing the amount of recovery.  *p. 251.*

From the Hamilton Circuit Court.   *Affirmed.*

*Ritter & Baker* and *Christian & Christian,* for appellant.

*Kane & Kane, F. E. Gavin, C. F. Coffin* and *T. P. Davis,* for appellee.

HENLEY, J.—This action was brought against the appellant upon a promissory note.   The note had been executed by the Noblesville Lumber Company and

was payable to the Central Furniture and Lumber Company, and was by the payee endorsed to the appellee. The note was one not governed by the law merchant. At the time suit was instituted on the note, appellant held several items of indebtedness against the Central Furniture and Lumber Company, the original payee of the note, and asserted these claims by way of set-off to appellee's demand. There was a trial by the court, and a finding in favor of appellee in the sum of $308.88, for which, on appellant's motion for a new trial, judgment was rendered in favor of appellee. The errors complained of in the motion for a new trial are three:

First—That the decision of the court is contrary to law.

Second—That the decision of the court is contrary to the evidence; and,

Third—That the decision of the court is not sustained by sufficient evidence.

The only error assigned to this court is that the court erred in overruling the motion for a new trial. The evidence is before us, and we have carefully examined it. No evidence was introduced by the appellee, tending to show that the indebtedness held by appellant and pleaded as a set-off to appellee's note, was not justly due appellant from the maker of the note. Was there any evidence, then, showing that the appellant had notice of the indorsement of the note in suit to appellee, before the time the indebtedness of the original payee of the note was contracted with the appellant? It is upon this point alone, that counsel for appellant contend that the evidence is not only insufficient, but wholly wanting. It is a most salutary rule, and one which the courts should strictly enforce, that any one who purchases a note not governed by the law merchant, should at once notify the maker of the

change of ownership, if he desires to be protected from defenses afterward acquired by the maker; and the maker of the note is thus placed upon his guard and warned not to extend credit to the payee, upon the supposition that the same will be a credit upon his contract when the time for settlement arrives.

It appears from the evidence of A. E. Pinkham, who was the secretary of the Central Lumber and Furniture Company, that prior to the execution of the $250.00 note sued on, the Noblesville Lumber Company owed the Central Lumber and Furniture Company a note for $500.00, and that this $500.00 note was settled by payment of $250.00 and the execution of the $250.00 note, of which the note sued on herein is a renewal; that the $500.00 note was, at the time it was so settled, held by appellee as collateral security for a debt due appellee from the payee of said note; that after the payment of the $500.00 note in the manner aforesaid, the said Pinkham procured said note from appellee and delivered it to appellant; that when the $250.00 note was renewed, witness stated to appellant that he would have to get the old note from the bank (appellee) and send it to him; that on the occasion of the delivery to the appellant of the $500.00 note, which had been previously paid by the execution of the note for $250.00, and the check for the same amount, it was found that there was owing from the Central Lumber and Furniture Company to the Noblesville Lumber Company, $50.76. Counsel then asked witness the following question: "Q. State what was said and done there? A. I offered to give him a note in settlement, he [appellant] asked me to settle the amount of the settlement on the note the bank [appellee] held. I told him we did not care to do that; the matter was passed off. In the talk I told him we had been taking their paper; they could take ours;

and we then gave him [appellant] a note in final settlement of the account."

It cannot be said that there was no evidence to sustain the finding of the lower court. The weight of the evidence and the question of whether or not the lower court erred in this cause in rendering judgment against appellant upon the evidence as it appears in the record, are questions this court cannot, under the decisions of the appellate courts of this State, pass upon. What we have heretofore said would dispose of this cause, assuming that the question herein argued is properly raised by the motion for a new trial.

It is contended by counsel for appellee, that as the judgment in this cause must necessarily have been for the appellee in some amount, even if the set-offs pleaded by appellant had all been allowed him, that the question herein argued is not properly raised in this cause by any of the reasons specified in the motion for a new trial, and that the question as to the correctness of the judgment can only, under such circumstances, be raised by a specification in the motion for a new trial directly assailing the amount of the recovery.

Appellee's position upon the question is well taken. Section 568, Burns' R. S. 1894 (559, R. S. 1881); Lawson v. *Hilgenberg,* 77 Ind. 221; *Chaplind* v. *Sullivan,* 128 Ind. 50; *Davis* v. *Montgomery,* 123 Ind. 587; *Globe Accident Ins. Co.* v. *Helwig,* 13 Ind. App. 539; Elliott's App. Proced., sections 855, 856.

The judgment of the lower court is affirmed.