# BAKER ET AL. *v.* ANDERSON TOOL COMPANY.

### [No. 6,491.   Filed March 29, 1910.]

1. PLEADING.—*Complaint.*—*Demurring to Complaint After Answer.* —*Waiver.*—The filing of a demurrer to a complaint after the filing of an answer raises no question, where the answer is not first withdrawn by leave of court.  p. 620.

2. NEW TRIAL.—*Excessive Recovery.*—*Motion to Modify Judgment.* —*Contracts.*—Where the amount of recovery, on a breach of contract, was too large, the question is properly raised by making such amount a ground for a new trial; and it is not necessary to move to modify the judgment.  p. 621.

3. SURETYSHIP AND GUARANTY.—*Bonds.*—*Debts Contracted Prior to Execution of.*—Sureties and guarantors who agree to "guarantee the payment in full of any and all true accounts which may at any time be due * * * on account of merchandise shipped to" their principal, are not liable for preëxisting accounts for goods received.  p. 621.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by the Anderson Tool Company against Theodore Baker and others.   From a judgment for plaintiff, defendants appeal.   *Reversed.*

*H. C. Austill* and *Wilkie & Wilkie,* for appellants.

*Henry C. Ryan* and *Marc Ryan,* for appellee.

WATSON, J.—This action was brought by the Anderson Tool Company against Theodore Baker, Francis E. Kramer and William A. Finch, in the Madison Circuit Court, from which it was taken on change of venue to the Henry Circuit Court and there tried without the intervention of a jury. Judgment was rendered in favor of appellee against appellants and William A. Finch in the sum of $1,973.23, from which judgment Theodore Baker and Francis E. Kramer appeal to this court.   The action is based upon a written bond of suretyship or guaranty, which bond is as follows:

"Whereas, S. A. Baker individually and in connection with W. A. Hawley, known as the Baker-Hawley Company, No. 578 Mission street, San Francisco, California, is receiving shipments of merchandise from the

Anderson Tool Company of Anderson, Indiana, and whereas said shipments are made to said Baker and said Baker-Hawley Company in trust for said Anderson Tool Company to be sold by said Baker or Baker-Hawley Company, and payment thereof to be remitted to said Anderson Tool Company, now therefore, we, the undersigned individually and collectively, bind ourselves to said Anderson Tool Company in the sum of $1,000 each as surety and guaranty for the faithful performance of the agreement and obligations agreed to and assumed by said Baker and Baker-Hawley Company, and guarantee the payment in full of any and all true accounts which may at any time be due to said Anderson Tool Company on account of merchandise shipped to said Baker or Baker-Hawley Company.

Signed this 28th day of April, 1905.

Theodore Baker,
W. A. Finch,
Francis E. Kramer.''

To the complaint defendants filed their answer in two paragraphs: (1) A general denial, and (2) a plea of payment, to which second paragraph of answer plaintiff replied in general denial.

After the cause was venued to the Henry Circuit Court, defendants filed their joint and several demurrers to the complaint, which were overruled and exceptions taken. They then filed their answer in two paragraphs: (1) A general denial, and (2) a plea of payment, to which second paragraph of answer plaintiff replied in general denial. The answer filed in the Madison Circuit Court was not withdrawn by defendants. Under our statutes, as well as at common law, the demurrer precedes an answer to a complaint, and if the demurrer is not thus filed before pleading to the merits, it will be deemed to have been waived, unless the answer is withdrawn by leave of court. The answer was not withdrawn before the filing of the demurrer, nor at all. Therefore, the insufficiency of the complaint, if any, was waived. 1 Works' Prac. (3d ed.), §539; 1 Woollen, Trial Proc., §1544; *Gordon* v. *Culbertson* (1875), 51 Ind. 334; *Ludlow* v. *Ludlow* (1887), 109 Ind.

199; *Morrison* v. *Ross* (1888), 113 Ind. 186; *Moore* v. *Glover* (1888), 115 Ind. 367; *Erharl* v. *Farmers Creamery* (1897), 148 Ind. 79.

It is insisted that appellants are not entitled to any relief, for the reason that no motion to modify the judgment was made. This is an action upon a contract, and is gov-

2. erned by §585 Burns 1908, §559 R. S. 1881, which provides that "a new trial may be granted in the following cases: * * * Fifth. Errors in the assessment of the amount of recovery, whether too large or too small where the action is upon a contract or for the injury or detention of property." The motion for a new trial in this cause, assigned as one of the grounds therefor that the assessment of the amount of recovery is erroneous, being too large. This correctly raised the question, and no motion to modify was necessary. *Bartlett* v. *Burden* (1894), 11 Ind. App. 419, 421; *Moore* v. *McPheeters* (1896), 16 Ind. App. 696; *Louisville, etc., R. Co.* v. *Renicker* (1897), 17 Ind. App. 619; *Cox* v. *Bank of Westfield* (1897), 18 Ind. App. 248; *Moore* v. *State, ex rel.* (1888), 114 Ind. 414, 422; *Queen Ins. Co.* v. *Studebaker Bros. Mfg. Co.* (1889), 117 Ind. 416, 420; *Davis* v. *Montgomery* (1890), 123 Ind. 587, 589; *City of Vincennes* v. *Citizens Gas Light Co.* (1892), 132 Ind. 114, 128; Ewbank's Manual, §§48, 71; 2 Woollen, Trial Proc., §4414.

The evidence discloses that the Anderson Tool Company knew on August 31, 1905, there had been a dissolution of the Baker-Hawley Company, and on September 5,

3. 1905, wrote a letter to said company in which it said: "We have your favor of the 31st, relative to the withdrawal of Mr. Baker from the Baker-Hawley Company." But neither Mr. Emanuel, appellee's superintendent, nor any one else was able to give the correct amount of the liability incurred by the Baker-Hawley Company with appellee from April 28, 1905, to August 31, 1905. Appellee continued shipments to the Baker-Hawley Company, which was given credit from time to time up to the settlement made by

Mr. Emanuel in February, 1906, as shown by the itemized statement filed with the complaint. The summary of said itemized statement is as follows, to wit:

```
"Debits  .............................. $7,134.65
 Credits  ..............................  3,053.42
                                          ─────────
 Balance  ............................. $4,081.23
 Credits  by  merchandise,  allow-
    ance and claims on leases..... $1,958.00
 Credits by cash, March 5, 1906...     50.00
 Credits by cash, April 2, 1906....     50.00
                                    ──────────  $2,058.00
                                                ─────────
 Balance due ......................... $2,023.23"
```

This, however, includes the debits and credits prior to April 28, 1905, when the bond sued on was executed to the Anderson Tool Company, and which were stricken out on motion of appellants. The debits for the amount of goods shipped to the Baker-Lynch Company prior to said date, which are included in this summary, were $2,913, and the credits prior to said date were $1,100.75, leaving a balance due from the Baker-Lynch Company to the Anderson Tool Company of $1,812.25, which this bond did not cover and for which these appellants are in nowise liable.

We have concluded, however, under the evidence and under the circumstances of all the transactions between the parties, the only way to arrive at the amount due, and for which these bondsmen are liable, is to take the net debits of the Baker-Lynch Company from the net sum total claimed by appellee in its itemized statement to be due.

```
Amount due from Baker-Hawley Company.. $2,023.23
Amount due from Baker-Lynch Company...  1,812.25
                                        ─────────
                                        $  210.98
```

In the addition of the credits of the Baker-Hawley Company, there was an error of sixty-seven cents. The total should be $3,052.75 instead of $3,053.42. This sixty-seven

cents added to the $210.98 would make $211.65, the amount due, and for which these bondsmen are liable.

The court erred in not sustaining appellants' motion for a new trial. The judgment is reversed, with instructions to sustain the motion for a new trial.