# CITY OF INDIANAPOLIS *v.* WOESSNER, SHERIFF.

[No. 8,503.    Filed November 19, 1913.]

1. APPEAL.—*Questions Reviewable.—Waiver.—Briefs.*—All questions as to the sufficiency of the complaint are waived by appellant's failure in its brief to discuss its sufficiency or to point out any specific objections thereto.    p. 554.

2. PRISONS.—*County Workhouse.—Commitment of Persons Convicted for Violating City Ordinances.—Contract.*—A contract between a city and a county whereby persons convicted of the violation of the city's penal ordinances may be committed to the county workhouse, upon condition that the county shall make no charge against the city for the maintenance of such prisoners, and that no charge shall be made by the city against the county for their labor, is authorized by §10030 Burns 1908, §6232 R. S. 1881.    p. 554.

3. PRISONS.—*Penal Ordinances.—Enforcement.—Commitment to County Jail.*—Under §8854 Burns 1908, Acts 1905 p. 219, §227, providing for the enforcement of penal ordinances by an action brought in the name of the city, and that if a judgment, penalty or forfeiture is not paid or replevied, the defendant may be committed for any period not exceeding thirty days to the city work-

City of Indianapolis *v.* Woessner—54 Ind. App. 552.

house, or, if the city has no workhouse, to the county prison of the county in which such city is located, the imprisonment provided is not a part of the penalty assessed for the violation of an ordinance, but is imposed as a means of enforcing the judgment, and commitment to the county jail is authorized only in cases where the city has no workhouse.  p. 555.

4.  PRISONS.—*Penal Ordinances.—Enforcement.—Commitment to County Jail.*—Under §8843 Burns 1908, Acts 1905 p. 219, §217, providing that in the trial of any person in any city court, for the violation of any law of the State or ordinance of the city, the court or jury may impose a fine in any sum not exceeding five hundred dollars, or adjudge imprisonment as a part of the sentence for any time not exceeding six months in the county jail, workhouse, or other lawfully designated place of confinement, or both, a person convicted of a violation of a penal ordinance of a city, though such city maintains a workhouse, may be legally committed to the county jail for a definite time fixed by the judgment of conviction.  p. 556.

5.  PRISONS.—*Commitment to County Jail.—Duty to Receive.—Board.*—Under §8843 Burns 1908, Acts 1905 p. 219, §217, where one convicted in a city court for the violation of a penal ordinance, is sentenced to imprisonment in the county jail, the sheriff is required to receive such prisoner and confine him in the county jail for the time specified in the judgment, and the city is liable for the meals furnished to such prisoner during the term of his imprisonment.  p. 556.

6.  PLEADING.—*Answer.—Complete and Partial Defenses.*—Paragraphs of answer pleaded as a complete defense to the cause of action set up in the complaint, but merely showing a partial defense, are insufficient on demurrer for want of facts.  p. 557.

7.  APPEAL.—*Presenting Questions for Review.—Excessive Damages.*—In order to present the question on appeal that the assessment of damages in favor of the plaintiff is erroneous, being too large, where the action is on a contract, the motion for a new trial must contain the cause provided by subd. 5, §585 Burns 1908, §559 R. S. 1881.  p. 557.

8.  NEW TRIAL.—*Grounds.—Excessive Damages.*—The assignment as cause for a new trial, that the damages assessed are excessive, is applicable only to actions in tort and it presents no question where the action is based upon contract.  p. 557.

9.  APPEAL.—*Questions Presented for Review.—Amount of Recovery.—Specification in Motion for New Trial.*—A specification as cause for a new trial, that "the decision and finding of the court is excessive under the evidence," is insufficient to present any question to the trial court for review, hence no question is thereby presented on appeal.  p. 557.

From Marion Circuit Court (19,699) ; *Charles Remster,* Judge.

Action by Jacob Woessner, Sheriff of Marion County, against the city of Indianapolis. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph B. Kealing, Merle N. A. Walker* and *Newton J. McGuire,* for appellant.

*John W. Holtzman, Lewis A. Coleman* and *W. Gage Hoag,* for appellee.

LAIRY, C. J.—This is an action by appellee against the city of Indianapolis to recover for boarding certain persons who, on conviction of the violation of some law or ordinance of the the city of Indianapolis, had been committed to the Marion County jail by order of the judge of the city court of appellant city, and who had been confined and boarded in such county jail by appellee as sheriff of Marion County. There was a trial by the court resulting in a judgment in favor of appellee.

Appellant has waived all questions as to the sufficiency of the complaint by failing in its brief to discuss its sufficiency or to point out any specific objections thereto. The trial court sustained appellee's demurrer to the second and third paragraphs of appellant's answer and these rulings are assigned as error. Each of these answers avers facts which show that the county of Marion maintained a workhouse in the city of Indianapolis; and that, prior to the time when the board, for the price of which this action was brought, was furnished, the city of Indianapolis entered into a contract with the county of Marion whereby it was agreed that persons convicted of the violation of penal ordinances of the city might be committed to the workhouse maintained by the county, and that the county should make no charge against the city for their maintenance, and that the city should make no charge against the county for their labor. Such a contract as that

set up in these paragraphs of answer is authorized by statute. Section 10030 Burns 1908, §6232 R. S. 1881, provides: "Any person sentenced to imprisonment, or committed for a failure to pay or replevy any fine, forfeiture and costs, under any ordinance or law of any town or city in such county having a workhouse established, may be committeed to such workhouse, under such contracts and agreements as such town or city and the board of commissioners of such county may, from time to time, make. Such prisoners, at all times, shall be subject to the rules and regulations adopted for the conduct and management of the workhouse."

Counsel for appellant assert the proposition that, under our statutes, a person convicted of the violation of a penal ordinance of a city cannot be legally committed to the jail of the county, where the city maintains a workhouse, or where legal provision has been made by the city for the commitment of such persons to the county workhouse. Assuming this proposition to be correct, it is argued that, under the facts averred in these paragraphs of answer, appellant city is not liable for board furnished to persons committed to the county jail, for the violation of penal ordinances of the city. Our attention is first called to §8854 Burns 1908, Acts 1905 p. 219, §227, which provides for the enforcement of penal ordinances by an action brought in the name of the city. This section provides that if a judgment, penalty, or forfeiture is not paid or replevied, the defendant may be committed, for any period not exceeding thirty days to the workhouse of such city, or, if such city has no workhouse, then to the county prison of the county in which such city is situated. The imprisonment for which this section provides is not a part of the penalty assessed for the violation of an ordinance, but it is imposed as a means of enforcing the payment of the judgment. This section authorizes a commitment to the jail of the county only in cases where the city has no workhouse, and it is doubtful whether the sheriff of a county is required by this

or any other statute to accept at the jail a person committed for failure to pay or replevy a judgment rendered for the violation of the ordinance of a city which maintains a workhouse or which has made legal provision for the confinement of its prisoners in a workhouse which is maintained by the county in which such city is located. Neither of the paragraphs of answer aver, that all of the items for which plaintiff seeks a recovery, as shown by his complaint and bill of particulars, were charges for board furnished to persons committed to the county jail for failure to pay or replevy judgments rendered against them for the violation of penal ordinances. If it did, a more serious question would be presented for our consideration.

It is clearly apparent from the provisions of §8843 Burns 1908, that a person convicted of the violation of a penal ordinance of a city may be imprisoned in the county 4. jail as a part of the punishment imposed by the sentence. This section provides that, "In the trial of any person in any city court for the violation of any law of this state or ordinance of such city, the court or jury shall have power to assess a fine in any sum not exceeding five hundred dollars, or adjudge imprisonment as a part of the sentence for any time not exceeding six months in the county jail, workhouse, or other lawfully designated place of confinement, or both." Under this provision a person convicted of a violation of a penal ordinance of a city which maintained a workhouse may be legally committed to a county jail to be imprisoned therein for a definite time fixed by the judgment of conviction. If the court or jury trying the case sees fit to impose imprisonment as a punishment in addition to the fine, the statute makes it discretionary as to whether such imprisonment shall be in the city workhouse or in the county jail; and, if the judg- 5. ment provides for imprisonment in the county jail, the sheriff is required to receive the prisoner committed thereby, and confine him in the county jail for the

time specified in the judgment. Under such conditions the city is liable for meals furnished to such prisoner during the term of his imprisonment. From an examination of the complaint and the bill of particulars filed therewith, it is apparent that a part of the meals for which a recovery is sought was furnished to persons who were confined in the county jail on judgments providing imprisonment as a part of the penalty. Neither of the paragraphs of answer under consideration was pleaded as a partial defense, but each was pleaded as a complete defense to the cause of action set up in the complaint. Neither paragraph of answer states facts sufficient to constitute a complete cause of defense, and the demurrers thereto were properly sustained.

The court overruled appellant's motion for a new trial and an assignment of error is based on this ruling. Under this assignment, appellant by its brief attempts to present only one question and that is that the assessment of damages in favor of the plaintiff is erroneous, being too large. The Supreme Court has frequently held that, in order to present this question on appeal the motion for a new trial must contain the fifth statutory cause. Subd. 5, §585 Burns 1908, §559 R. S. 1881. *Davis* v. *Montgomery* (1889), 123 Ind. 587, 24 N. E. 367; *Thickstun* v. *Baltimore, etc., R. Co.* (1888), 119 Ind. 26, 21 N. E. 323. The assignment as a cause for a new trial that the damages assessed are excessive is applicable only to actions in tort and it presents no question where the action is based upon a contract. *McKinney* v. *State, ex rel.* (1888), 117 Ind. 26, 19 N. E. 613; *Western Assur. Co.* v. *Studebaker Bro. Mfg. Co.* (1890), 124 Ind. 176, 23 N. E. 1138.

As presenting the question, appellant relies on the third cause assigned in his motion for a new trial. The third cause is thus stated: "That the decision and finding of the court is excessive under the evidence."

From this statement it is impossible to determine whether appellant was attempting to assign the fourth or the fifth statutory cause for a new trial. Under the authorities in this State, the third cause assigned for a new trial was clearly insufficient to present any question to the trial court for review, and, consequently, no question is presented on appeal. Judgment affirmed.

NOTE.—Reported in 103 N. E. 368. See, also, under (1) 3 Cyc. 388; (2) 32 Cyc. 317; (3) 28 Cyc. 817; (4) 28 Cyc. 819; (5) 32 Cyc. 352; (6) 31 Cyc. 305; (7) 29 Cyc. 954; (8) 29 Cyc. 955; (9) 29 Cyc. 954, 955.