## State Exchange Bank v. Paul.

[No. 8,591.    Filed April 13, 1915.]

1. Pleading.—*Complaint.—Initial Attack on Appeal.*—The sufficiency of a complaint filed since §344 Burns 1914, Acts 1911 p. 415, has been in force, can not be challenged for the first time on appeal.  p. 490.

2. Appeal.—*Evidence.—Weight and Sufficiency.*—The court on appeal will not weigh conflicting oral evidence.  pp. 490, 491.

3. Appeal.—*Waiver of Error.—Briefs.*—Alleged error in overruling a motion for a change of venue is waived by appellant's failure to set out in its brief a copy or the substance of the motion, affidavit or ruling complained of.  p. 491.

4.  APPEAL.—*Issues.*—*Questions Reviewable.*—*Real Party in Interest.*—In an action for the value of legal services, where the only answer filed was in general denial, appellant's contention that the services were rendered by a partnership and that therefore plaintiff could not recover, is not available, since the objection that the plaintiff is not the real party in interest can not be raised for the first time on appeal. p. 492.

5.  CORPORATIONS.— *Change of Name.*— *Effect.*— *Change Pending Suit.*—Changing the name of a corporation has no effect upon its liabilities for indebtedness created before such change nor does it affect the rights of plaintiff in a pending suit, since the *corpus* or identity of the corporation remains the same. p. 493.

6.  ATTORNEY AND CLIENT.—*Action for Fee.*—*Sufficiency of Evidence.*—In an action by an attorney to recover for services rendered a banking corporation, evidence showing that plaintiff was an attorney of record in three different actions in different courts, that he prepared pleadings in an action in attachment, which were not filed because of an adjustment of the matter, that certain notes held by the bank came into his hands and that preparatory to bringing action he examined into legal questions affecting them, but that an adjustment was had without suit, was sufficient to sustain the verdict, as against defendant's contention that plaintiff was never employed and that the services, if rendered at all, were at the instance and request of plaintiff's son who was connected with the bank, but had no authority to bind the bank, since the evidence was fairly and reasonably susceptible to the construction that the president, cashier and board of directors of the bank knew that plaintiff was performing such services. p. 493.

7.  APPEAL.—*Review.*—*Amount of Recovery.*—Where judgment in a gross sum was pronounced upon a general finding, and the evidence upon an item as to which plaintiff should not have recovered is not set forth in the briefs, so that the court can not know that such item was included in the computation of the amount of the judgment, the error, if any, resolves itself into a question as to the amount of recovery, and not having been raised by a motion for new trial, the amount of the recovery can not be reviewed on appeal. p. 494.

8.  EVIDENCE.—*Action for Attorney's Fees.*—*Notes.*—In an action by an attorney for services rendered, where plaintiff, while testifying as to the services rendered in connection with certain notes owned by defendant, described the notes and the character of the service rendered, to which description of the notes defendant objected on the ground that the notes were the best evidence, there was no error in admitting the notes in evidence on identification by plaintiff. p. 495.

9. EVIDENCE.—*Action for Attorney's Fees.*—*Pleadings.*—In an attorney's action to recover for services rendered where one item was for services in a certain action of record, and plaintiff had testified generally as to his connection with the case and the services rendered by him in preparing the pleadings, the pleadings were properly admitted in evidence, as throwing light upon the character and extent of the services and as being corroborative of the facts testified to by plaintiff.   p. 496.

From Superior Court of Marion County (20,353) ; *E. W. Little,* Special Judge.

Action by George W. Paul against the State Exchange Bank. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*C. R. Marshall, W. N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellant.

*James Bingham* and *G. W. Paul,* for appellee.

MORAN, J.—Appellee recovered a judgment in the Superior Court of Marion County for legal services, which he claims to have performed for appellant. The complaint alleges in substance that appellant is indebted to appellee in the sum of $495 for various items of legal services rendered, at its special instance and request, covering a period from January 27, 1910, to February 2, 1911. An answer of general denial closed the issues. Trial by the court and judgment for appellee.

The correctness of the judgment is challenged by five assignments of error, viz., (1) the complaint does not state facts sufficient to constitute a cause of action against the appellant; (2) the court erred in overruling appellant's motion for a new trial; (3) the decision of the court is not fairly supported by the evidence; (4) the judgment appealed from is clearly against the weight of the evidence; (5) the decision of the court is clearly against the weight of the evidence.

The complaint was filed in the cause since an act concerning proceedings in civil causes went into force (Acts

1911 p. 415, §344 Burns 1914), requiring a memo-

1. randum to be filed with a demurrer pointing out wherein such pleading is insufficient for want of facts, and since this enactment went into force, a complaint can not be challenged for the first time in this court, on an assignment of error that the complaint does not state facts sufficient to constitute a cause of action. *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929.

By assignments of error Nos. 3, 4 and 5, appellant asks this court to weigh the evidence. This is an action at law and the evidence is conflicting and principally oral.

2. It has been repeatedly held by this and the Supreme Court, that the appellate tribunal will not weigh the evidence under such circumstances. *Parkison* v. *Thompson* (1905), 164 Ind. 609, 73 N. E. 109; *Seybold* v. *Rehwald* (1912), 177 Ind. 301, 95 N. E. 235; *Jones* v. *Luddington* (1913), 180 Ind. 33, 101 N. E. 483; *Barnes* v. *Stock* (1912), 51 Ind. App. 640, 100 N. E. 98; *Fuller* v. *Fuller* (1913), 52 Ind. App. 488, 100 N. E. 869; *Albaugh Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, 93 N. E. 678.

This leaves for consideration the assignment of error based upon the overruling of the motion for a new trial. The causes assigned for a new trial are: (1) the court erred in overruling defendant's motion for a change of venue in the cause; (2) the decision or finding of the court is not sustained by sufficient evidence; (3) the finding of the court is contrary to law; (4) the finding of the court is not fairly supported by the evidence; (5) the judgment is not fairly supported by the evidence; (6) the finding of the court is clearly against the weight of the evidence; (7) the judgment is clearly against the weight of the evidence; (8) plaintiff's complaint does not state facts sufficient to constitute a cause of action against this defendant; (9, 10 and 11) the court erred in overruling objections of the defendant to the introduction of certain evidence on the part of the plain-

tiff.  Under the first cause, it is argued that the trial
3.  court erred in overruling appellant's motion for a
change of venue.  This point is waived, for nowhere in
its brief does appellant set forth a copy, or the substance,
of its motion, affidavit or the ruling complained of.  *Rahke*
v. *McNulty* (1914), 55 Ind. App. 615, 104 N. E. 523;
*Schultze* v. *Maley* (1914), 56 Ind. App. 586, 105 N. E. 942;
*Ohio Farmers Ins. Co.* v. *Geddes* (1913), 55 Ind. App.
2.  30, 103 N. E. 349.  The same question sought to be
presented by causes Nos. 4, 5, 6, 7 and 8 for a new
trial have heretofore been disposed of under the assignments
of error, Nos. 3, 4 and 5.

The controversy is narrowed down to the question as to
whether the decision is not sustained by sufficient evidence
and is contrary to law, and the ruling on the admission of
certain evidence.  The uncontroverted facts as disclosed by
the record are:  That in November, 1909, when the first
services were alleged to have been rendered by appellee,
there was in the city of Indianapolis a private banking
house known as the Mercantile Banking Company.  The
Mercantile Banking Company was organized as a corpora-
tion under the banking laws of the State of Indiana, on
January 15, 1910, and in November, 1911, changed its name
from the Mercantile Banking Company to the State Ex-
change Bank.  During the period covered by the services
sued upon, appellee was a practicing attorney in the city
of Indianapolis, and he and his son, William B. Paul, a
part of the time occupied the same law offices and their sta-
tionery bore the name of Paul & Paul.  Appellee devoted
all of his time to the practice of his profession.  During a
part of the time covered by the services claimed to have been
rendered, the son was connected with the appellant bank and
served in the capacity of a director and at one time vice
president.  He was not actively engaged in the practice of
law during this time.  On the trial of the cause, it was
agreed by appellant that if appellee was entitled to recover

under the law, he would be entitled to recover the value placed upon the various items of service set forth in his complaint.

As to whether appellee was employed by appellant and authorized to perform the services for which he seeks to recover is controverted. It is contended by appellant that if legal services were performed for it, that they were performed by appellee's son or by the partnership of Paul & Paul, and that there is therefore a defect of parties plaintiff and appellee was not entitled to recover by reason thereof. The only pleading filed on the part of appellant in the trial court was an answer of general denial. That appellee is not the real party in interest can not be raised for the first time on appeal. *Standard Forgings Co.* v. *Holmstrom* (1915), *ante* 306, 104 N. E. 872; *Bowser* v. *Mattler* (1894), 137 Ind. 649, 35 N. E. 701, 36 N. E. 714; *Curtis* v. *Gooding* (1884), 99 Ind. 45; *Mathis* v. *Thomas* (1885), 101 Ind. 119.

It is further insisted on the part of appellant that, if the services were performed as contended for on the part of appellee, they were performed for the Mercantile Banking Company, a private institution, and that the present institution, the State Exchange Bank, is under no obligations to pay a debt due and owing from the former institution, and that the claim for services is within the statute of frauds. The Mercantile Banking Company was organized as aforesaid under the banking laws of the State of Indiana on January 15, 1910, and in November, 1911, changed its name from the Mercantile Banking Company to the State Exchange Bank. The first item of services sought to be recovered for is for services alleged to have been rendered November 12, 1909. There are seven other items set forth in the complaint and for which compensation is sought, but the services represented by these items were after the incorporation of the new institution, but before appellant took its new name. For something like a year and a half the

reorganized institution retained the old name and, during this period of time, the several items of services last mentioned were rendered. When the complaint in the case at bar was originally filed, the Mercantile Banking Company was the sole defendant. Before the case was finally tried, the institution changed its name to the State Exchange Bank, and a supplemental complaint was filed setting forth this fact, and appellant appeared thereto without any objection. The change of a name of a corporation has no effect upon its liabilities for indebtedness created before such change. The *corpus* or identity of a corporation is not affected by a mere change of name and, if the change takes place pending a suit, it does not affect the rights of the plaintiff. 10 Cyc. 155; *Miles Lamp Chimney Co.* v. *Erie Fire Ins. Co.* (1905), 164 Ind. 181, 73 N. E. 107.

If the statute of frauds is applicable at all in this cause, it can be applied only to the first item of legal services alleged to have been rendered, as it is the only item of services alleged to have been rendered prior to the date of the reorganization of the Mercantile Banking Company.

By reason of the fact that the entire judgment is assailed on the ground that it is not supported by the evidence and is contrary to law, we will first take up the question as to whether appellee performed any of the services for which he seeks a recovery, before discussing the first item of legal services that antedates the reorganization of the Mercantile Banking Company. The evidence discloses that appellee was an attorney of record for appellant in three different actions prosecuted by it in different courts, in one of which issues were made and the case set for trial in the Marion Superior Court, Room 1, but the claim sued upon was adjusted before trial; and the other two causes were reduced to judgment, one in the Marion Circuit Court, and the other in the Common Pleas Court of Darke County, Ohio. The evidence further discloses that appellee prepared pleadings in an action in attachment and had the same ready

to file when an adjustment of the matter was had. Likewise the evidence discloses that there came into appellee's hands, either through his son or directly from the bank officials, notes executed by other institutions and individuals to appellant bank, aggregating in the neighborhood of $8,000. The legality of the paper representing this indebtedness was questioned and preparatory to bringing an action on the respective obligations, appellee examined the law in reference to the questions raised. However, an adjustment seems to have been had in each instance without suit. It is the contention of appellee that the paper came into his hands directly from the bank officials for collection; while appellant contends that appellee was never employed to examine the papers and collect the various obligations and, if services were rendered in this behalf, it was at the instance and request of appellee's son, who was connected with the bank and had the notes or a part of the same in his possession, and that the son could not legally bind the appellant by employing his father, without either the express or implied consent of the institution. While disputed, it is but a fair and reasonable construction to place upon the evidence to say that the president, cashier and board of directors of the bank knew that appellee was performing the services for which he sues, during the time he was performing the same.

Recurring to the item of services sued for that antedates the organization of the new institution, the judgment in this case was pronounced upon a general finding and is in a gross sum. The trial court's attention was not called to the fact during the trial by an objection to the evidence, that a part of the services was performed for the old organization. The evidence in this behalf went into the record without objection and as to whether this item, which antedates the new organization, actually went into the court's computation in making up the amount of the judgment, we can not say. To do so, we would be compelled to go through the record, as neither of the briefs sets

forth the evidence upon this subject. Under the most favorable construction of the evidence in behalf of appellant, the first item of services alleged to have been rendered by appellee is the only item that can be questioned or that would impress the finding and judgment of the court with an infirmity. So the finding and judgment of the court other than the part represented by the first item of services can not be assailed in this particular. The error, if any, resolves itself into a question as to the amount of recovery, and in order to question the same in this behalf, it must be raised by a motion for a new trial under subdivision 5, §585 Burns 1914, §559 R. S. 1881, viz., error in the assessment of the amount of recovery, that the same is too large. Not having in any way questioned the amount of the finding and judgment, that it has been enlarged by an item of services that should not have been included, the same is not subject to review. *Davis* v. *Montgomery* (1890), 123 Ind. 587, 24 N. E. 367; *Lawson* v. *Hilgenberg* (1881), 77 Ind. 221; *Dean* v. *Indiana Macadam, etc., Co.* (1903), 161 Ind. 371, 68 N. E. 686; *Kelley* v. *Houts* (1903), 30 Ind. App. 474, 66 N. E. 408; *Globe Accident Ins. Co.* v. *Helwig* (1895), 13 Ind. App. 539, 41 N. E. 976, 55 Am. St. 247; *Myer* v. *Minch* (1910), 45 Ind. App. 495, 91 N. E. 32; *Fort Wayne, etc., R. Co.* v. *Haberkorn* (1896), 15 Ind. App. 479, 44 N. E. 322; *Cox* v. *Bank of Westfield* (1897), 18 Ind. App. 248, 47 N. E. 841; *Mc Bride* v. *Hicklin* (1890), 124 Ind. 499, 24 N. E. 755; *Tucker* v. *Hyatt* (1898), 151 Ind. 332, 51 N. E. 469, 44 L. R. A. 129; *Baker* v. *Anderson Tool Co.* (1910), 45 Ind. App. 619, 91 N. E. 514.

Complaint is made of the trial court in overruling appellant's objection to the introduction of certain notes in evidence, identified by appellee as the notes that were in his possession for collection, and as representing an item of services sought to be recovered under the complaint. Appellee, while testifying to the services rendered in this connection, described the notes and character

of services rendered, and in this same connection, appellant objected to the description of the notes being given, on the ground that the notes were the best evidence. Under the circumstances, there was no error in admitting the notes in evidence.

Over appellant's objection, appellee introduced in evidence the pleadings in an action, in which he was an attorney of record in the Common Pleas Court of Darke County, Ohio. The services rendered in relation to this action constitute one of the items of service set forth in the bill of particulars, which is a part of the complaint. Before the pleadings were introduced, appellee testified generally as to the connection he had and services rendered in the preparation of the pleadings. The admission of the pleadings in evidence under the circumstances was proper, as they threw light upon the character and extent of the services alleged to have been rendered in this behalf and were corroborative of the facts testified to by appellee.

There is no error in the record calling for a reversal of the judgment. Judgment affirmed.

NOTE.—Reported in 108 N. E. 532. As to right of attorneys to recover compensation, see 127 Am. St. 841. See, also, under (1) 2 Cyc. 691; (2) 3 Cyc. 345; (3) 2 Cyc. 1014; (4) 2 Cyc. 688; (5) 10 Cyc. 155; (6, 9) 4 Cyc. 1001; (7) 29 Cyc. 750; (8) 3 Cyc. 245.