HUTCHINSON, EXECUTOR, *v.* HUTCHINSON.

[No. 10,995.   Filed October 27, 1921.]

1. APPEAL.—*Questions Reviewable.—Amount of Recovery.—Sufficiency of Evidence.*—Where, in an action to recover on a note and for personal services, the only grounds for new trial are that the verdict is not sustained by sufficient evidence, and is contrary to law, the court on appeal is not required to determine whether there is any error in the amount of recovery, but only whether there is evidence to sustain a recovery for any amount.   p. 495.

2. BILLS AND NOTES.—*Promissory Note.—Non Est Factum.—Issues.*—Where, in an action on a note, defendant filed a plea of *non est factum*, the issues were limited to the defense thus pleaded.   p. 495.

3. APPEAL.—*Review.—Verdict.—Conclusiveness.*—Where there is some evidence to sustain the verdict as against appellant's contentions, the court on appeal is bound by the jury's finding, although the evidence in some particulars may be strongly contradicted and not entirely satisfactory.   p. 495.

From Jackson Circuit Court; *James A. Cox,* Judge.

Action by George A. Hutchinson against Emory Hutchinson, executor of the will of Elizabeth Black, deceased.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*T. M. Honan* and *Boruff & Boruff,* for appellant.

*John C. Branaman* and *Montgomery & Montgomery,* for appellee.

BATMAN, J.—Appellee filed his claim against the estate of appellant's decedent for $3,920.   This claim was based on a certain promissory note for $1,000, which purported to be signed by said decedent, and payable to

appellee, and on certain services, which appellee alleged he had rendered said decedent at her special instance and request, in managing her farm, buying and selling stock, collecting rents, marketing crops, etc., covering a period of two and one-half years. Appellant disallowed the claim, and after it had been transferred to the trial docket, he filed a plea of *non est factum,* as to the note mentioned in the claim. The cause was submitted to a jury for trial, resulting in a verdict in favor of appellee for $1,934.96, for which judgment was rendered. Appellant filed a motion for a new trial which was overruled, and this action of the court is made the basis of the only error assigned on appeal.

The only reasons on which appellant based his motion for a new trial are, that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. Therefore we are not required to determine whether there is any error in the assessment of the amount of recovery, but only whether there is evidence to sustain a recovery for any amount. *Davis* v. *Montgomery* (1890), 123 Ind. 587, 24 N. E. 367; *Cox* v. *Bank of Westfield* (1897), 18 Ind. App. 248, 47 N. E. 841; *City of Indianapolis* v. *Woessner* (1913), 54 Ind. App. 552, 103 N. E. 368; *State Exchange Bank* v. *Paul* (1915), 58 Ind. App. 487, 108 N. E. 532. It will be observed that a part of appellee's claim consists of a promissory note, which purports to have been signed by appellant's decedent. A verified answer was filed denying its execution. This had the effect of limiting the issues as to said note to the defense thus pleaded. *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869 and cases cited. There is sufficient evidence to warrant a finding that appellant's decedent executed the note in suit. Appellant was therefore entitled, under the issues, to recover the amount of principal, interest and attorney fees evi-

denced thereby.   An examination of the record discloses that there was some evidence to sustain the verdict as against the several contentions of appellant.   Under these circumstances we are bound by the finding made by the jury, although the evidence in some particulars may be strongly contradicted and not entirely satisfactory.   *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558, 121 N. E. 84.   It follows that appellant's motion for a new trial was properly overruled.   Judgment affirmed.